## COMMONWEALTH *vs.* JOHN TILTON.

Cock-fighting is an unlawful game or sport; and an innholder, who suffers any person resorting to his premises to use or exercise that game or sport there, is indictable under the Rev. Sts. *c.* 47, § 9.

THE defendant was indicted for permitting the exercise of an unlawful game in a house occupied by him under a license as an innholder. The indictment contained two counts. To the first count the defendant pleaded not guilty, and, on a trial in the court of common pleas, was acquitted by the jury.

The second count alleged that the defendant, " at Woburn, in the county of Middlesex, on the 10th of January 1844, did have, in his the said Tilton's house, in said Woburn, certain game cocks, the said game cocks being then and there implements used in gaming, the said Tilton being then and there duly licensed, according to law, as an innholder, and the said house being the same in which the said Tilton was so licensed as an innholder as aforesaid, and he the said Tilton being then and there in said house, in the occupation of an innholder, as aforesaid, under said license ; and he the said Tilton did then and there suffer certain persons then and there resorting to said house, to wit," (naming two persons,) " then and there to use and exercise, within his the said Tilton's said house, the game of cock-fighting, the same being an unlawful game, to wit, with the game cocks aforesaid ; against the peace of said Commonwealth, and contrary to the form of the statute in such case made and provided."

To this count, the defendant, by leave of the court, pleaded that he would not contend with the Commonwealth ; and after this plea was received, he filed a motion in arrest of judgment, averring that " no offence known to the laws of this Commonwealth " was set forth in said count. The court overruled this motion, and the defendant thereupon alleged exceptions.

*Willey*, for the defendant.

*Huntington*, (District Attorney,) for the Commonwealth.

SHAW, C. J    The defendant was acquitted by the jury of the

charge in the first count in the indictment, and by leave of the court he pleaded a *nolo contendere* to the second count. This plea, like a demurrer, admits, for the purposes of the case, all the facts which are well stated, but is not to be used as an admission elsewhere ; and upon a motion in arrest of judgment, the only question is, whether the count sets forth any indictable offence.

This indictment was framed on the Rev. Sts. *c.* 47, § 9, which is in these words : "No innholder or common victualler shall have or keep in or about his house, or other buildings, yards and gardens, or dependencies, any dice, cards, bowls, billiards, quoits, or other implements used in gaming ; nor shall suffer any person resorting thither to use or exercise any of said games, or any other unlawful game or sport, within his said premises, on pain of forfeiting ten dollars for every such offence." The leading averments in this count in the indictment are, that the defendant was a licensed innholder, and occupied his house in that capacity ; that he did have in his said licensed house certain game cocks, " being implements used in gaming," and did then and there suffer certain persons (naming them) to use and exercise, within his house so licensed, the game of cock-fighting.

It is argued, that game cocks, in the sense in which the term "implements" is here used, cannot be regarded as implements used in gaming. If this be so, of which we now give no opinion, it is not decisive of the question. We think it was the purpose of the statute, to prohibit and punish several different disorders in public licensed houses ; to prevent the abuse of them, and the more effectually to secure the useful purposes for which they are allowed. The first clause in this section designs to prohibit the abuse of licensed houses, by prohibiting them from being used as gaming houses, places where games of hazard are practised, and money or other property staked on them. Perhaps it is a reasonable construction, that the word " gaming," as used in connection with " implements," in this clause of the statute, means games of chance practised for betting. But in the latter part of the section, the word " game," used synonymously with " sport," and its use or exercise prohibited in

20 *

a licensed house, is used in a more enlarged sense, including exercises, practices and exhibitions, resorted to as means of amusement, to display strength or skill, or gratify a love of pleasure, or fondness for excitement. These, if unlawful, are calculated to draw together numbers of disorderly persons, to prevent the repose of guests, and interrupt the peace of the community.

The question then recurs, whether the game of cock-fighting is an unlawful game or sport, when practised at a licensed tavern. That the statute intended to prohibit something besides the games specifically enumerated, is manifest from the use of the words, "other unlawful game or sport," which would have else been utterly useless. As this statute has not defined, nor with any particularity described, what is intended by "unlawful game or sport," we must resort, for information, to other statutes, and to the principles of the common law.

In the case of *Commonwealth* v. *Goding*, 3 Met. 130, we had occasion to hold, that the game of bowls, under the particular circumstances stated in that indictment, was an unlawful game, because it was enumerated, in another analogous statute, amongst prohibited games. See also *Tanner* v. *Trustees of Albion*, 5 Hill, 121. And we are of opinion, that the game or sport of cock-fighting is unlawful, because it is a violation alike of the prohibitions of a statute, and of the plain dictates of the law of humanity, which is at the basis of the common law, and specially recognized in the constitution, which makes it the duty of the legislature "to countenance and inculcate the principles of humanity." Const. of Mass. *c.* 5 § 2. The Rev. Sts. *c.* 130, § 22, have prohibited cruelty to animals, under penalty of fine and imprisonment. But we think it is prohibited by the principles of the common law, as a cruel and barbarous sport. Lord Ellenborough says, in *Squires* v. *Whisken*, 3 Campb. 141, that "cock-fighting must be considered a barbarous diversion, which ought not to be encouraged or sanctioned in a court of justice." See also *Rex* v. *Howel*, 3 Keb. 510. As being barbarous and cruel, leading to disorder and danger, and tending to deaden the feelings of humanity, both in those who partici

pate in it, and those who witness it, it appears to us to stand on the same footing with bull-fighting, bear-baiting, and prize-fighting with fists or dangerous weapons, all of which, we think, would be considered as unlawful games or sports. We are strongly inclined to the opinion, that a place, opened as a place of public or general resort for these purposes, especially for hire, would be held a nuisance at common law; and it seems not the less unlawful, when practised at a place authorized by law for all persons to resort to, for their lawful purposes, and where all lawful guests have a right to the enjoyment of rest. The court are therefore of opinion, that an offence punishable by law is set forth in this count, and that the conviction was right.

*Exceptions overruled*