STATE, Plaintiff, vs. SUICK, Defendant.

*January 14—February 7, 1928.*

*Criminal law: Plea of nolo contendere: Effect: Discretion of court: Judgment rendered on plea as prior conviction.*

1. A judgment of conviction for possessing intoxicating liquor, based upon a plea of *nolo contendere,* was an adjudication that defendant was guilty of such possession and was conclusive between the parties as to the facts therein adjudicated. p. 177.
2. A plea of *nolo contendere* is an implied confession and a judgment of conviction follows such plea as a matter of course; yet the plea itself contains no admissions which can be used against the defendant in another action. The plea, however, is one which defendant may not interpose as a matter of right, but it is received at the discretion of the court. p. 177.
3. A judgment of conviction following a plea of *nolo contendere* constituted a prior conviction, and on a second conviction it was not error to find defendant guilty of a second and subsequent offense pursuant to sub. (32), sec. 165.01, Stats. 1925; and it became mandatory on the court to give defendant a jail sentence in addition to a fine, pursuant to said sub. (32). p. 178.

ESCHWEILER, J., dissents.

CERTIFIED QUESTIONS from the municipal court of Langlade county: A. N. WHITING, Judge.

*Tom Suick,* the defendant, was convicted of having in his possession on March 4, 1927, privately manufactured distilled intoxicating liquor, and of having been, on the 11th day of March, 1924, duly convicted in the said court of unlawful possession of intoxicating liquor, which conviction remained of record and unreversed. It appeared that the judgment of the former conviction resulted from a plea of *nolo contendere,* and the court, being in doubt as to the effect of said judgment rendered upon said plea, certified to this court the following questions:

"1. Was it error for the court to find the defendant in this case guilty of a second and subsequent offense pursuant to subsection 32 of section 165.01 of the Statutes?

"2. Does a conviction in this case constitute a second and subsequent offense as provided for in subsection 32 of section 165.01, and make it mandatory on the court to give the defendant a jail sentence in addition to a fine pursuant to said subsection?"

The cause was submitted for the plaintiff on the brief of *Earl J. Plantz,* district attorney of Langlade county, the *Attorney General,* and *J. E. Messerschmidt,* assistant attorney general, and for the defendant on that of *Ray C. Dempsey* of Antigo.

OWEN, J.   Sec. 165.01 of the Statutes of 1925 is known as the prohibition act.   Sub. (32) thereof relates to penalties for violation of the act.   After prescribing a penalty for a first offense it provides that "for a second or subsequent offense (the offender) shall be fined in addition to the costs of the action not less than two hundred dollars nor more than two thousand dollars, and be imprisoned in the county jail not less than one month, nor more than one year."   In *Faull v. State,* 178 Wis. 66, 189 N. W. 274, it was held that the term "offense" as used in this statute meant conviction, so that the aggravated penalty could not be imposed unless the defendant had been previously convicted of an offense against the prohibition act.

In this case the trial was before the court.   The court made findings that on the 2d day of March, 1927, the defendant did have in his possession a certain quantity of privately manufactured distilled intoxicating liquor, and that on the 11th day of March, 1924, in the said court, the defendant herein entered a plea of *nolo contendere* to the charge of having in his possession privately manufactured distilled intoxicating liquors, contrary to the statutes of the state of Wisconsin; that such plea was accepted by the court and judgment was entered by the court finding the defendant guilty and sentencing the defendant to pay a fine of $200 and costs, and in lieu of payment of fine to be committed to

the county jail for sixty days; that the defendant paid the
fine and costs and such finding remains of record and un-
reversed.

It is contended by the defendant that this judgment does
not amount to a prior conviction for the reason that it was
based upon a plea of *nolo contendere.* The judgment is a
solemn adjudication by a court of competent jurisdiction
that the defendant was guilty of having in his possession
privately manufactured distilled intoxicating liquor, con-
trary to the provisions of the statutes of the state of Wis-
consin. This judgment is conclusive between the parties as
to the facts therein adjudicated. The effect of this judgment
between the parties depends in no manner upon the pro-
ceedings which led up to the rendition of the judgment. The
force and effect of the judgment is just the same whether
the defendant pleaded guilty, was found guilty by the verdict
of a jury, or whether judgment followed a plea of *nolo con-
tendere.* The force of a judgment in a collateral proceeding
does not depend upon the nature of the proceedings resulting
in the judgment. The plea of *nolo contendere* is an implied
confession. Judgment of conviction follows such a plea as
a matter of course, yet the plea itself contains no admissions
which can be used against the defendant in another action.
For this reason it is a plea favorable to the defendant. It is
a plea which he may not interpose as a matter of right.
It is received at the discretion of the court. It is a plea,
however, from which a judgment of conviction follows as
inevitably as such a judgment follows a plea of guilty.
While a plea of guilty amounts to an express admission of
the defendant which may be used against him in another case,
the plea of *nolo contendere* contains no admission which may
be so used. There is no difference, however, in the nature,
character, or force of the judgment following such pleas.
They are both solemn adjudications of guilt, and we see no
reason why judgment of conviction following a plea of *nolo*

*contendere* does not constitute a prior conviction, or as conclusive evidence of a prior offense, as a judgment entered upon a plea of guilty or upon a verdict of a jury. Such is the holding in *State v. Lang,* 63 Me. 215; *State v. Fagan,* 64 N. H. 431, 432, 14 Atl. 727; *State v. Conway,* 20 R. I. 270, 38 Atl. 656. In *State v. Conway, supra,* the trial court admitted testimony relating to an indictment against the defendant which had been previously found and to which the defendant had entered a plea of *nolo contendere.* This plea, however, was followed by no judgment of conviction. While the court held, very properly, that this did not constitute a prior conviction, or evidence of the commission of a prior offense, we infer from the language used in the opinion that the court would have held a judgment of conviction following such plea admissible. We have been referred to no case holding that a judgment of conviction following a plea of *nolo contendere* is not admissible for the purpose of proving a prior conviction for the commission of a prior offense. Appellant's argument is based principally upon the decisions of some courts holding that such a judgment is not admissible for the purpose of impeachment. There seems to be a difference of opinion upon this question. See note in 41 L. R. A. N. s. 70 *et seq.* Whatever reasons may support the conclusion that a judgment of conviction based upon a plea of *nolo contendere* should not be received for purposes of impeachment, we can accord them no weight in reaching a conclusion upon the question here presented.

*By the Court.*—Question No. 1 is answered No; question No. 2 is answered Yes.

Eschweiler, J. (*dissenting*). That a judgment is a judgment must be and is freely conceded, but that does not, by any means, solve the question that was here presented.

Under the constitution, art. I, sec. 16, a person may not be imprisoned, as in olden days he could be, upon a judgment for debt arising out of or founded on an express or implied

contract, yet such a judgment may be identical in form and language with a judgment in a tort action upon which there may be imprisonment, and the record behind each must be searched to determine whether or no imprisonment may follow the one and must not the other. The final decree in equity may be enforced by contempt proceedings and consequent imprisonment, yet it is just as much a judgment as one fixing finally the amount that is to be paid as damages, for a breach of contract or for a tort.

I am dissenting because I think that in construing the statute here providing for an increased punishment for second convictions there should be again recognized the substantial, inherent, and natural distinction between a conviction upon the plea of *nolo contendere* and one following a trial upon the merits after a plea of not guilty, or following a plea of guilty which takes the place of such a trial. The latter is the judgment of conviction obtained in almost all criminal cases where acquittal or discharge is not the final result. It is a fairly safe venture to say that such are the nine hundred and ninety-nine out of a thousand convictions, and that such would be the reaction to the term "conviction" in the mind of one of the laity or of one learned in the law.

The very fact mentioned by the majority opinion *supra,* that "the plea (*nolo contendere*) itself contains no admissions which can be used against the defendant in .another action," shows the substantial distinction between a conviction on that plea and the conviction after trial or plea of guilty. The distinction between the two is pointed out in *White v. Creamer,* 175 Mass. 567, 568, 56 N. E. 832; *State v. LaRose,* 71 N. H. 435, 443, 52 Atl. 943; and *Chester v. State,* 107 Miss. 459, 65 South. 510; *Tucker v. U. S.* 196 Fed. 260, 41 L. R. A. N. s. 70, and was recognized in *Birchard v. Booth,* 4 Wis. 67, 73.

It is held not a proper plea for the court to accept in a capital case (*Comm. v. Shrope,* 264 Pa. St. 246, 107 Atl.

729, 6 A. L. R. 690), or in cases where imprisonment is the only penalty (*Hudson v. U. S.* 9 Fed. 2d 825), although the contrary is now held in *Hudson v. U. S.* 272 U. S. 451, 47 Sup. Ct. 127, where this plea is discussed at length.

Since as early as sec. 3, ch. 132, R. S. of 1849, subsequently appearing as sec. 4609 and now sec. 353.01, Stats., express provision has been made as to what is necessary to support a conviction, reading that no person indicted or informed against for an offense "shall be convicted thereof unless by confession of his guilt in open court, or by *admitting the truth of the charge against him* by his plea or demurrer, or by the verdict of a jury accepted and recorded [by the] in court.",

I submit that in passing upon the question of what is a conviction under such a statute as here involved, or sec. 325.19, *infra,* the impeaching statute, the above express statutory definition of conviction should be followed, and that therefore the *nolo contendere* plea interposed in the prior case was not the statutory plea "admitting the *truth* of the charge against him."

While the early decisions in *Douglass v. State,* 3 Wis. 820, that no judgment of guilty in a criminal case can be rendered where there is neither arraignment nor plea, and in *Davis v. State,* 38 Wis. 487, that it is beyond the power of the court to order a plea of not guilty to be entered without defendant's consent, have been limited or overruled in *Hack v. State,* 141 Wis. 346, 353, 124 N. W. 492, yet it has never been held in this court, prior to the present case, that there is now no substantial distinction between a plea of guilty admitting the truth of the charge and one which does not so admit.

It would seem that if a conviction upon the plea of *nolo contendere* can now be properly used, as is held by the majority here, to increase the punishment upon conviction after trial or plea of guilty in a subsequent prosecution, that it

might far more properly be used for impeaching the cred-
ibility of witnesses under such statutes as sec. 325.19; yet in
the case decided in 1916 of *Olszewski v. Goldberg,* 223 Mass.
27, 28, 111 N. E. 404, citing *White v. Creamer, supra,* it
was held that a conviction supported only by a plea of *nolo
contendere* cannot be so used, and it is so held in *State v.
Conway,* 20 R. I. 270, 38 Atl. 656, and in *Collins v. Benson,*
81 N. H. 10, 120 Atl. 724.

The plea being one that the court need not accept, when
accepted, however, it should carry with it no more than its
well recognized attributes and limitations, and though it
may ripen into a judgment, yet its special identity is not
thereby submerged or entirely lost.