BROZOSKY, Plaintiff in error, vs. THE STATE, Defendant in error.

*November 10—December 4, 1928.*

447

For the plaintiff in error there were briefs by *Thorson & Seymour* of Elkhorn, and oral argument by *William L. Seymour.*

For the defendant in error there were briefs by the *Attorney General, J. E. Messerschmidt,* assistant attorney general, *Charles M. Williams,* district attorney of Walworth county, and *Easton Johnson,* assistant district attorney, and oral argument by *Mr. Johnson.*

STEVENS, J. (1) The court had the power to impose sentence after the expiration of the term at which the defendant was adjudged guilty. Sub. (1) of sec. 57.04 of the Statutes expressly confers upon the court the power "in its discretion" to "suspend the judgment or stay the execution thereof and place the defendant on probation for such period of time . . . upon such terms and conditions . . . as it shall determine." Sub. (2) of this same section provides that the probation officer, "for causes hereinafter named, may, without warrant or other process, or upon the order of the court, at any time until the final disposition of the case, take the probationer and bring him before the court; and thereupon, if the court shall have reason to believe from the report of the probation officer, or otherwise, that the probationer has violated or is violating the conditions of his probation,

or is engaging in criminal practices, or has formed improper associates, or is leading a vicious life, it may revoke such probation and pronounce sentence on the former conviction, or if sentence has been pronounced, issue commitment on the sentence or judgment without deduction of the period of probation."

This statute, which in effect became a part of the judgment by which defendant was placed on probation, expressly authorized the court to sentence at any time before the end of the period of probation.

The fact that the term at which the defendant was adjudged guilty had expired did not deprive the court of the power to terminate the probation and impose sentence at a subsequent term. At common law the court had no power to revise or change its judgment or sentence in criminal cases after the term at which he was sentenced had expired. For that reason it was held in *State ex rel. Zabel v. Municipal Court,* 179 Wis. 195, 199–200, 190 N. W. 121, 191 N. W. 565, that a trial court could not, after the term had expired, so change or modify a judgment of imprisonment as to permit the defendant to be placed upon probation, where the judgment originally entered made no provision for probation. But the judgment here in question did provide for probation and for the subsequent sentence of the defendant if he violated the terms of his probation. So that the sentence here in question was imposed in strict accord with the express terms of the judgment of conviction and in order to carry out the terms of that judgment and pursuant to power expressly conferred by statute. The sentence imposed did not change or modify the judgment of the court as it did in the *Maxon Case,* which was considered in *State ex rel. Zabel v. Municipal Court, supra.* The legislature in conferring this broad power upon the court doubtless had in mind that, in order to accomplish the beneficent results attained by probation, it was essential that courts retain jurisdiction with

power to sentence at any time during the period of probation whenever the good of society or of the probationer demands that probation be terminated and punishment imposed.

(2) A court is not confined to the imposition of a small fine in sentencing one who is permitted to enter the plea of *nolo contendere*. There is a conflict in the decided cases upon this question. Those that hold that the courts are limited to the imposition of a small fine when such plea is interposed rest their decision "upon no more substantial basis than a possible ambiguous phrase in a passage from Hawkins, Pleas of the Crown," which stated that: "Sec. 3. An implied confession is where a defendant, in a case not capital, doth not directly own himself guilty, but in a manner admits it by yielding to the king's mercy, and desiring to submit to a small fine." Hawkins "does not undertake to state with any certainty the precise effect of the implied confession upon the sentence. Putting oneself on the mercy of the king seems to have been at least an appeal for mercy, and at most a consent to be fined if let off with that—not a plea, but a petition, the rejection of which may possibly have required a plea. . . . But even if we regard the implied confession as a petition which in Hawkins's time had to be accepted as tendered, in modern practice it has been transformed into a formal plea of *nolo contendere*. Like the implied confession, this plea does not create an estoppel, but, like the plea of guilty, it is an admission of guilt for the purposes of the case. Sec. 3, it is true, speaks of the defendant's yielding to mercy and his desire 'to submit to a small fine,' but even if we assign to these words the more comprehensive meaning suggested, they do not say that the court is bound to yield to the prisoner's petition in fixing sentence, nor do they suggest that the court, by accepting a formal plea which admits guilt for the purposes of the case, would be bound to yield to its implied appeal for mercy. The genesis of the phrase 'desiring to submit to a small fine,' used by Hawkins, indicates unmistakably that its purpose was illustrative only."

*Hudson v. U. S.* 272 U. S. 451, 453–455, 47 Sup. Ct. 127, 71 Lawy. Ed. 347, 348–349.

The cases which limit the power of the court to the imposition of a fine fail to note that the recital in Hawkins on which they base their decisions is a petition for mercy,—not a limitation upon the power of the court. If the court consented to receive the petition, it still had full power to grant or refuse the petition for mercy and to impose such sentence as the welfare of the defendant and of society might demand. The best reasoned case which we have found that sustains appellant's view is one decided by the circuit court of appeals of the Seventh circuit which holds that the plea does not limit the power of the court to the imposition of a small fine, but it does hold, erroneously we believe, that the court cannot punish by imprisonment when such a plea is received. *Tucker v. U. S.* 196 Fed. 260, 41 L. R. A. N. S. 70. This court has never adopted the rule contended for by appellant. *Birchard v. Booth,* 4 Wis. 67, 72, discusses the plea. But that case does not decide that the court is limited to the imposition of a fine when the plea is accepted. That case holds that the plea there under consideration was one of not guilty, not *nolo contendere.*

"We think it clear, therefore, that- the contention now pressed upon us not only fails of support in judicial decisions other than those of the Seventh circuit already noticed, but its historical background is too meager and inconclusive to be persuasive in leading us to adopt the limitation as one recognized by the common law. . . . Such a restriction made mandatory upon the court by positive rule of law would only hamper its discretion and curtail the utility of the plea." *Hudson v. U. S.* 272 U. S. 451, 457, 47 Sup. Ct. 127, 71 Lawy. Ed. 347, 350.

The Reports contain many cases in which imprisonment, even in state prisons and penitentiaries, has been sustained under a plea of *nolo contendere.* Among these cases are *U. S. v. Lair,* 195 Fed. 47; *State ex rel. Peacock v. Court*

of *General Quarter Sessions,* 46 N. J. L. 112; *State v. Herlihy,* 102 Me. 310, 66 Atl. 643; *Comm. v. Holstine,* 132 Pa. St. 357, 19 Atl. 273.

(3) Defendant was properly sentenced as a second offender. "The plea of *nolo contendere* is an implied confession. Judgment of conviction follows such a plea as a matter of course. . . . It is a plea which he may not interpose as a matter of right. It is received at the discretion of the court. It is a plea, however, from which a judgment of conviction follows as inevitably as such a judgment follows a plea of guilty." *State v. Suick,* 195 Wis. 175, 177, 217 N. W. 743.

The plea of *nolo contendere* admitted the matters alleged in the information at the time the plea was entered. It was like a demurrer. Defendant "admits for the purposes of the case, all the facts which are well pleaded. That is to say, it is a confession of guilt, so far as this particular case is concerned, and places the defendant in the same position . . . as though he had pleaded guilty, or been found guilty by the verdict of the jury." *State v. O'Brien,* 18 R. I. 105, 107, 25 Atl. 910; *Comm. v. Tilton,* 49 Mass. 232, 233; *U. S. v. Lair,* 195 Fed. 47, 52; *People v. Delany,* 49 Cal. 394, 396.

Among the facts well pleaded in the information is that the defendant had previously been convicted of a similar offense against the liquor laws. When "former convictions are alleged and admitted, then they are proved within the meaning of the statute" authorizing the imposition of more severe punishment upon those who are guilty of a second offense against the liquor laws of the state. *Meyers v. State,* 193 Wis. 126, 127, 213 N. W. 645.

(4) The court had the power to inquire into the conduct of the defendant in a summary way and to impose sentence without a formal trial of the issue whether the defendant had violated the conditions of his probation. The defendant has no right to demand that he be placed upon probation.

The statute quoted above gives the court the discretion to determine whether the good of society and of the defendant will be promoted by placing the defendant on probation and also the power to determine when that probation should be terminated. Beneficent results could not be secured under the probation law if every probationer was entitled to a trial—perhaps a jury trial—to determine whether his probation should be terminated. The legislature has wisely charged the court with the duty of determining whether a defendant shall be placed upon probation in the first place, and given it the power to determine in a summary way whether that probation shall be terminated. The vesting of such power in the court does not deprive the defendant of any of his constitutional rights. When one has been found guilty of an offense against society, no constitutional provision guarantees him the right to produce proof or to try out the issue of what his punishment shall be. That is a question that must be determined by society, which has vested that power in the courts.

(5) The defendant urges that the court had no power to place him on probation subject to the control of the judge of the court that imposed sentence. Assuming, without deciding, that defendant is right in his position, he has not been prejudiced by such action on the part of the court. He has enjoyed his freedom and has had the opportunity to so conduct himself that he would never suffer punishment, had he seen fit to do so. But for this period of probation he would doubtless have been sentenced at once. But we believe judges will be in a better position to pass upon the judicial question presented by an application to terminate probation if the probationer is placed in the custody of some other officer,—praiseworthy as may be the efforts of trial judges to aid in the reformation of offenders by acting as probation officers.

*By the Court.*—Judgment affirmed.