THE PEOPLE OF THE STATE OF NEW YORK, Appellant and Respondent, *v.* ABRAHAM M. DAIBOCH, Respondent and Appellant.

(Argued May 29, 1934; decided July 3, 1934.)

*William Copeland Dodge, District Attorney (John C. McDermott* of counsel), for The People of the State of New York, appellant and respondent.

*Samuel Gottlieb* and *Hyman Bushel* for defendant, respondent and appellant.

CRANE, J.   The defendant was indicted in New York county, Court of General Sessions, for forgery in the second degree.   On December 7, 1932, he pleaded guilty and was sentenced to an indeterminate term of not less than three years and not more than ten years in State prison.   Later he was sent back by the warden of Sing Sing for resentence as a second offender when it was discovered that in 1924 he had been convicted of a felony in New Jersey.   Pursuant to the procedure outlined in section 1943 of the Penal Law and *People* v. *Gowasky* (244 N. Y. 451), an information was lodged against him and he was found to be the person previously adjudged in New Jersey to be guilty of the crime of defrauding the Mutual Bank of Roseville, N. J., by a false check of one thousand dollars, a felony in this State, and was thereupon sentenced by the Court of General Sessions as a second offender to nine years, eight months and seven days, the court having deducted three months, seven days, the time served before he was sent back for resentence.   The judgment has been reversed by the Appellate Division upon the law only, the facts having been affirmed.   The court was of the opinion that the plea of *non vult* in the New Jersey court, followed by a judgment placing the defendant on probation for two years and to pay twenty-five cents a week for the same period, was not a previous conviction of crime.   Two of the justices dissented.   In this determination we think the court was in error.

The plea of *non vult* or *nolo contendere* is an ancient plea in criminal cases still in use in some of the States but abolished here.   It simply means that the defendant will not contend against the charge but will submit to such punishment as the court inflicts, usually less than would have been imposed after a plea of guilty.   The court,

however, on such a plea may sentence the prisoner to the same punishment as if convicted after a trial or on a plea of guilty. Aside from the ameliorating effect the plea of *non vult* has the same consequences in a criminal court as a plea of guilty; at least it is a conviction of the crime to which the plea is taken. In civil cases, however, the plea cannot be used or taken as an admission of the facts alleged in the indictment. (*Hudson* v. *United States*, 272 U. S. 451; *United States* v. *Norris*, 281 U. S. 619; *State* v. *Martin*, 92 N. J. L. 436; *State* v. *Henson*, 66 N. J. L. 601; *State* v. *Duelks*, 97 N. J. L. 43; *Commonwealth* v. *Ingersoll*, 145 Mass. 381; *Commonwealth* v. *Marino*, 254 Mass. 533; *State* v. *Herlihy*, 102 Me. 310; *State ex rel. McElliott* v. *Fousek*, 91 Mont. 457; *Commonwealth* v. *Jackson*, 248 Penn. St. 530; *State* v. *Radoff*, 140 Wash. 202; *Schad* v. *McNinch*, 103 W. Va. 44; *Brozosky* v. *State*, 197 Wis. 446.)

The trial justice was well able to determine the effect of the plea of *non vult*, it being known to the common law and, as the above cases indicate, in frequent use in this country. There was no need for oral testimony from a New Jersey lawyer when the judge could read the books. (*Fitzpatrick* v. *International Ry. Co.*, 252 N. Y. 127.) (Cf. L. 1933, ch. 690, amending Civ. Pr. Act, § 391.)

The Penal Law, section 1941, provides: " A person, who, after having been convicted * * * under the laws of any other state * * * of a crime which, if committed within this state, would be a felony, commits any felony within this state, is punishable upon conviction of such second offense as follows: "

The defendant came within this section and was properly sentenced as a second offender.

Before the first sentence was imposed the judge knew of the prior offense and had no right or power to impose an indeterminate sentence. The records of the proceeding on December 7, 1932, the day of original sentence, show that District Attorney MacDonnell appeared for

the People and Hyman Bushel for the defendant. Here is what took place.

" The Clerk: What have you now to say why judgment of the Court should not be pronounced against you according to law?

" Mr. MacDonnell: In this case I understand it turned out the defendant is a second offender.

\*       \*       \*       \*       \*       \*       \*

" The Court: Now, Mr. MacDonnell.

" Mr. MacDonnell: We took a plea, when you were in Part II, in this case. Your Honor told Mr. Bushel, the defendant's attorney, that if the defendant turned out to be a second offender you would permit him to withdraw his plea and plead to a misdemeanor.

" The Court: I did not tell him that. If, you did, that is different.

" Mr. MacDonnell: The District Attorney did. That was understood at that time. I do not know if he is a second offender or not.

" The Court: I do not know. All I have before me this morning — I received the probation officer's report this morning, and it seems in 1924 the defendant was convicted of or pleaded guilty to drawing a check against insufficient funds, and he was placed on probation in Newark, New Jersey, for two years. Then there was another one in July 14th, 1931; the defendant was convicted or pleaded guilty to misapplying bank funds. At Quarter Sessions he was placed on probation for five years, and I have the notation, ' It is a felony.' Whether it is or not I do not know."

There was no motion to withdraw the plea of guilty.

On February 17, 1933, the defendant was brought back from prison and tried on the information charging him with being a second offender. He stood mute and was found by the jury after a hearing to be the man convicted in 1924 in New Jersey.

Three days later, February 20, 1933, as on January 5, 1933, he asked to withdraw his plea of guilty to forgery

in the second degree, which was denied, and on March 13, 1933, he was resentenced as heretofore stated. The reason assigned by the prisoner for the privilege of withdrawing his plea was a promise or statement made that if the New Jersey offenses turned out to be felonies the court would let him plead to petit larceny. At the time of the original sentence the judge told the District Attorney and the prisoner that no such arrangement had been made, at least with him. The case of *Matter of Dodd* v. *Martin* (248 N. Y. 394) related to similar facts. The court in that case received a plea of burglary in the third degree as a first offense. The warden of Sing Sing Prison sent him back to be sentenced as a second offender. The judge then let the prisoner withdraw his plea of guilty and plead to petit larceny. The sentence was nine months in the county jail. We held that the county judge had no power or jurisdiction after the beginning of the term of imprisonment to permit the defendant to change his plea and affirmed a peremptory order of mandamus compelling the judge to sentence him as a second offender. We see no distinction here. In other words, after judgment and the commencement of the sentence, the plea of guilty cannot be withdrawn simply because the defendant happens to have had a past record of felonies. A man may be tricked or deceived into pleading guilty. When such appears the courts may be able to find some remedy, but there is no trick or deception when the judge tells the prisoner before the original sentence that he never said the defendant could withdraw his plea if he turned out to be a second offender and also said that he had before him the record of his previous convictions as for a felony.

On the appeal by the People the judgment of the Appellate Division should be reversed and that of the Court of General Sessions affirmed. On the appeal by the defendant from so much of the judgment of the Appellate Division as unanimously affirmed the order of

the Court of General Sessions, denying the defendant's motion to withdraw his plea of guilty, the judgment should be affirmed.

POUND, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur.

Judgment accordingly.