## UNITED STATES v. GENERAL RIBBON MILLS, Inc., et al. (2 cases).

### Nos. 9828, 9829.

District Court, E. D. Pennsylvania.

Dec. 4, 1942.

Gerald A. Gleeson, U. S. Atty., of Philadelphia, Pa., for plaintiff.

William H. Schneller, of Catasauqua, Pa., and Merwin Lewis, of New York City, for defendants.

BARD, District Judge.

In each of the above cases the defendants have filed motions to quash the information on the ground that every count therein is duplicitous, or, in the alternative, to compel the United States to elect on which of the several offenses allegedly charged in each count it wishes to proceed at the trial.

The information contains 97 counts alleging violations by the defendants of various sections of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq. The first count contains sixteen paragraphs. Each succeeding count contains only two paragraphs, the first of which incorporates by reference the first fifteen paragraphs of Count No. 1. The sixteenth paragraph of the first count and the second paragraph of each succeeding count set forth a specific instance charged to be a violation of the act.

Defendants argue that certain of these fifteen paragraphs charge crimes under the act and therefore render each count duplicitous. The result of this, it is contended, will be to render it most difficult for defendants to prepare for trial because they will not know as to each count which of the charges they must prepare to defend. The Government argues that none of the fifteen paragraphs in question was intended to, or does in fact, charge a crime, but that they merely indicate a continuous course of conduct which facilitated and made possible the commission of the crime charged in the additional paragraph in each count. It further contends that even if more than one crime were charged in each count, there would be no duplicity in view of authority that where a statute denounces several acts as a crime in the disjunctive, they may be included in a single count if connected in the conjunctive. See Troutman v. United States, 10 Cir., 100 F.2d 628; Smith v. United States, 5 Cir., 288 F. 44. As pointed out in Crain v. United States, 162 U.S. 625, 636, 16 S.Ct. 952, 40 L.Ed. 1097, this is to the advantage of the accused, for a verdict of guilty would preclude further prosecution in respect of any of the matters included in the single count. The government resists the elimination of the paragraphs in question for the reason that this might preclude it from showing at trial that the means recited therein were adopted to facilitate the commission of the crime.

I am of opinion that the difficulties and dangers asserted by the defendants with respect to the information as it stands—as well as those of the government if the paragraphs in question had not been included or were to be deleted—are more theoretical than actual. After a careful consideration of the authorities, however, I have concluded that the counts which are challenged are not bad for duplicity and that the defendants' motions should be denied.

Motions denied.