## UNITED STATES v. DASHER et al.
### No. 11310.

District Court, E. D. Pennsylvania.
Sept. 20, 1943.

Gerald A. Gleeson, U. S. Atty., and James P. McCormick, Asst. U. S. Atty., both of Philadelphia, Pa., for the Government.

Irving W. Coleman, of Northampton, Pa., for the defendants.

KALODNER, District Judge.

Defendants have demurred to an indictment charging them as second offenders with violations of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 215(a) (1), 215 (a) (2) and 215(a) (5). The defendants rely primarily on the contention that the allegation of conviction and sentence upon a plea of nolo contendere in a prior criminal action is not an allegation of a prior "conviction" and is therefore insufficient to charge the defendants with an offense committed after a conviction for a prior offense.

Section 16(a) of the Act provides a penalty of fine or imprisonment or both for violators of the Act. It further provides: "No person shall be imprisoned under this subsection *except for an offense committed after the conviction* of such person for a prior offense under this subsection." (Emphasis supplied.)

Paragraph 6 of the indictment alleges that on July 1, 1941, a criminal proceeding was instituted in the United States District Court for the Eastern District of Pennsylvania, being Criminal Action No. 9109, June Term 1941, against the three defendants in

this action, that it charged violations of Sections 15(a) (1), 15(a) (2) and 15(a) (5) of the Fair Labor Standards Act of 1938, and that upon their plea of nolo contendere the defendants, Harry Dasher, Nathan Dasher and Isadore Dasher, were convicted and fined $250 each, and further, that the defendants who in that case were convicted and fined of violations of the Act are the same defendants who are in the present indictment alleged to have subsequently again violated Sections 15(a) (1), 15(a) (2) and 15(a) (5) of the Act.

The record of the prior action discloses that I entered the following order after consideration of the defendants' plea of nolo contendere in that case: "The defendant having been convicted on his plea of nolo contendere of the offense charged in the information in the above-entitled cause, to wit, Failure to pay minimum wage; Failure to keep records; Interstate shipment of goods produced without payment of minimum wage, and the defendant having been now asked whether he has anything to say why judgment should not be pronounced against him, and no sufficient cause to the contrary being shown or appearing to the Court, IT IS BY THE COURT ORDERED AND ADJUDGED that the defendant pay to the United States a fine of $250.00 by January 15, 1942 and make restitution to employees within thirty days." (The same order was entered for each of the three defendants, Harry Dasher, Nathan Dasher and Isadore Dasher.)

■ In my opinion the defendants' contention is without merit. It is the law that a plea of nolo contendere has the same effect as a plea of guilty and that a sentence pronounced upon that plea amounts to a conviction.

The rule is succinctly stated in Buck v. Commonwealth, 107 Pa. 486, 489, as follows: "The plea of nolo contendere is a mild form of pleading guilty. It is seldom used in this state, though in general practice in some of the New England states. 'It has the same effect as a plea of guilty so far as concerns the proceedings upon the indictment, and *a defendant who is sentenced upon such a plea to pay a fine is convicted of the offence for which he was indicted:'* Wharton's American Criminal Law, § 533." (Emphasis supplied.)

To the same effect see Commonwealth v. Ferguson, 44 Pa.Super. 626; Commonwealth ex rel. District Attorney, Appellant

v. Jackson, 248 Pa. 530, 94 A. 233; Teslovich et ux. v. Fireman's F. Ins. Co., 110 Pa. Super. 245, 168 A. 354; Ferguson v. Reinhart, 125 Pa.Super. 154, 190 A. 153; and Commonwealth v. Smith, 151 Pa.Super. 113, 30 A.2d 339, 346.

In the latter case, decided Jan. 28, 1943, the court said, in discussing a plea of nolo contendere: " * * * *Conviction and sentence follow upon it in the same manner as upon a plea of guilty;* the only difference being that a defendant cannot plead nolo contendere without the leave of the trial judge and it cannot be used against him as an admission of guilt, in any subsequent civil suit for the same act." (Emphasis supplied.)

In Hudson et al. v. United States, 272 U. S. 451, 47 S.Ct. 127, 71 L.Ed. 347, the Supreme Court of the United States in an appeal arising from this Circuit sustained a conviction and sentence following a plea of nolo contendere.

In Brozosky v. State, 197 Wis. 446, 222 N.W. 311, the Supreme Court of Wisconsin specifically rejected the contention made by the defendants in this case. Said the court (222 N.W. at page 313) in quoting with approval from the case of State v. Suick, 195 Wis. 175, 217 N.W. 743: "Defendant was properly sentenced as a second offender. 'The plea of nolo contendere is an implied confession. Judgment of conviction follows such a plea as a matter of course. * * * It is a plea which he may not interpose as a matter of right. It is received at the discretion of the court. It is a plea, however, from which a judgment of conviction follows as inevitably as such a judgment follows a plea of guilty.' State v. Suick, 195 Wis. 175, 177, 217 N.W. 743, 744".

It is clear that following the plea of nolo contendere in the prior criminal prosecution there was a proper conviction of the defendants therein. The order of judgment imposing the sentence constituted the conviction.

With respects to the other grounds set forth in the demurrer, (1) that the indictment is bad for duplicity; (2) that Counts 60, 61 and 62 are vague and uncertain and (3) that the indictment does not state facts sufficient to constitute a crime against the United States, I am convinced, after due consideration, that they are without merit.

■ As to the question of duplicity, the cases of United States v. General Ribbon

Mills, Inc., and Clarence E. Strode and United States v. General Ribbon Mills, Inc., and Edwin Ellis, D.C., 47 F.Supp. 801, are dispositive on that point. See, also, Smith v. United States, 8 Cir., 17 F.2d 723, and Rowan v. United States, 5 Cir., 281 F. 137.

■ As to the sufficiency of Counts 60, 61 and 62, and the allegation of the defendants that they failed to set forth the names of the employees who were deprived of proper wage payments, I am of the opinion that the Counts are sufficiently pleaded.

■ As I stated in United States v. Chadwick, D.C., 39 F.Supp. 204, 206: "All that is required of the information is that it must charge every element of the crime in order that the accused and the court may know the exact offense intended to be charged and the record be sufficient to support an appeal of formal acquittal or conviction. Nelson F. Evans v. United States, 153 U.S. 584, 14 S.Ct. 934, 38 L.Ed. 830; Southern R. Co. v. United States, 5 Cir., 88 F.2d 31."

For the reasons above stated, the defendants' demurrer must be overruled and accordingly I make the following order: The defendants' demurrer is overruled.