HAROLD E. NEIBLING, WINSTON H. WOODSON, JAMES T. BRITT, and CLYDE J. LINDE, MEMBERS OF THE SUPREME COURT BAR COMMITTEE FOR THE SIXTEENTH JUDICIAL CIRCUIT, STATE OF MISSOURI, Informants, v. CLARENCE W. TERRY.—No. 38887.—177 S. W. (2d) 502.

Court en Banc, February 7, 1944.

*Maurice H. Winger, Howard Grant* and *P. L. Edwards* for informants.

*James E. Burke* and *Ralph M. Russell* for defendant.

DOUGLAS, C. J.—This is an action instituted in this court by the Supreme Court's Bar Committee of the Sixteenth Circuit to disbar Clarence W. Terry, a lawyer of Kansas City.

Terry is charged with conduct contrary to justice, honesty, modesty and good morals. To support the charge the information alleges Terry was convicted in the United States District Court on his plea of nolo contendere on twenty-four counts for using the mails to defraud. Allegations of convictions in two other cases in the United States District Court on pleas of nolo contendere for making a false statement to obtain a loan from the Federal Housing Authority are contained in the information. We deem it unnecessary to consider and discuss the latter convictions. Terry's answer admits the convictions but denies he was guilty of the charges resulting in the convictions. He asserts the convictions may not be used in this proceeding because they were entered on pleas of nolo contendere. Informants move for judgment on the pleadings.

The sole issue is whether a judgment of conviction entered on a plea of nolo contendere is sufficient in itself to sustain an order of disbarment.

Section 13333, R. S. 1939, relating to the disbarment of attorneys states: "If the charge allege a conviction for any criminal offense involving moral turpitude, the court shall, on production of the record of such conviction, remove the attorney so convicted . . . without further trial."

Rule 35, adopted by this court by virtue of its inherent power to regulate the bar in the protection of the public and the courts and in the better administration of justice, supplements the statute. It provides in Section 47: "A lawyer should always maintain his integrity; and shall not willfully commit any act against the interest of the public; nor shall he violate his duty to the Courts or his clients; nor shall he, by any misconduct, commit any offense against the laws of Missouri or the United States of America, which amounts to a crime involving acts done by him contrary to justice, honesty, modesty or good morals; nor shall he be guilty of any other misconduct whereby, for the protection of the public and those charged with the administration of justice, he should no longer be entrusted with the duties and responsibilities belonging to the office of an attorney."

In the case of In re McNeese, 346 Mo. 425, 142 S. W. (2d) 33, we defined moral turpitude as including all acts done contrary to justice, honesty, modesty or good morals. Thus the rule as well as the statute covers offenses involving moral turpitude as a basis for disbarment. We hold the offense of using the mails to defraud involves moral turpitude. State v. Riddle, 213 Ala. 430, 105 So. 259; In re Crane (Cal.), 189 P. 272; In re Comyns, 132 Wash. 391, 232 P. 269; In re Ray, 262 App. Div. 30, 27 N. Y. S. (2d) 606.

The decision of the question before us turns on the effect, if any, of a plea of nolo contendere on the judgment of conviction. Such a plea is not recognized in the Missouri criminal code. When an accused does not confess the charge to be true a plea of not guilty is

entered for him. Sec. 4004, R. S. 1939. Although the plea originated in the early common law it was discarded in England centuries ago. Chief Justice Stone in Hudson v. U. S., 272 U. S. 451 points out that no example of its use in the English Courts has been found since a case decided in 1702. However its use has persisted in some state courts and in the United States Courts.

It is settled that a plea of nolo contendere amounts to an implied confession of guilt and for the purposes of the prosecution is equivalent to a plea of guilty. The plea should not be used by one who has not violated the law. U. S. v. Norris, 281 U. S. 619.

The chief distinction of a plea of nolo contendere lies in the fact it is not a general admission of the truth of the facts charged as is a plea of guilty. It is a qualified admission limited for use only in the proceeding in which it is entered and may not be used as an admission in any other proceeding. Its utility was originally found in the class of cases where both a criminal prosecution and a civil suit arose out of the same act such as trespass for assault and battery. In such cases a plea of nolo contendere entered in the criminal prosecution furnished no admission of guilt to be used in the civil suit. On the other hand a plea of guilty in the criminal prosecution, being a confession of the truth of the charge, was available as an admission of the accused in the civil suit.

We think the confusion in the cases considering convictions on pleas of nolo contendere result from a judicial practice of clothing the judgment of conviction with the characteristics of the plea or in speaking of the plea and the conviction as one and the same. For example, there are cases which hold that a judgment of conviction on a plea of nolo contendere may not be used as an *admission* of guilt. But a judgment of conviction could never be used as such an admission, regardless of the nature of the plea. It is the plea of guilty which carries the evidentiary force as an admission, not the judgment of conviction entered on the plea.

Ordinarily a judgment of conviction in a criminal prosecution is not proof of anything in a civil proceeding except the mere fact of its rendition. By statute, in certain instances, a judgment of conviction has been given force because of the fact of its rendition. In such instances the judgment of conviction is made a basis for enforcing a statutory disability. Such statutes in no wise authorize the use of a conviction as an admission to be used to establish liability in a civil suit. Nor do the statutes make any distinction in convictions according to the nature of the plea resulting in such convictions. Nor is there any logical reason for a distinction. For statutory purposes a conviction on a plea of not guilty carries the same force as one entered on a plea of guilty.

A person who has been convicted may be, by statute, disqualified from voting, from serving as a juror, from holding office, from testifying as a witness, from practicing a profession, and so on.

"Convicted" is generally used in its broad and comprehensive sense meaning that a judgment of final condemnation has been pronounced against the accused. State v. Townley, 147 Mo. 205, 48 S. W. 833. It is well settled that a judgment of conviction follows a plea of nolo contendere as a matter of course. White v. Creamer, 175 Mass. 567, 56 N. E. 832; State v. Suick, 195 Wis. 175, 217 N. W. 743; Buck v. Commonwealth, 107 Pa. St. 486; State v. LaRose, 71 N. H. 435, 52 Atl. 943; U. S. v. Dasher, 51 F. Supp. 805; U. S. v. Norris, 281 U. S. 619.

We find no decision of this state which discusses the question before us. But see In re Fenn, 235 Mo. App. 24, 128 S. W. (2d) 657. The prevailing view in other jurisdictions permits proof of a conviction on a plea of nolo contendere is both civil and criminal cases but there are decisions holding flatly to the contrary, notably in Massachusetts. See White v. Creamer, 175 Mass. 567, 56 N. E. 832.

A statutory forfeiture of a public office upon conviction of a felony was upheld on a conviction upon a plea of nolo contendere in State ex rel. McElliott v. Fousek, 91 Mont. 457, 8 P. (2d) 195, 81 A. L. R. 1099. A prior conviction on a plea of nolo contendere was held admissible to prove accused was a second offender. People v. Daiboch, 265 N. Y. 125, 191 N. E. 859; People ex rel. Gilmore v. Morhous, 265 App. Div. 893, 37 N. Y. S. (2d) 758; People v. Dacey, 166 Misc. 827, 3 N. Y. S. (2d) 156; State v. Moss, 108 W. Va. 692, 152 S. W. 749; State v. Suick, 195 Wis. 175, 217 N. W. 743; State v. Fagan, 64 N. H. 431, 14 A. 727; State v. Lang, 63 Me., 215; U. S. v. Dasher, 51 F. Supp. 805. Such a conviction and sentence was held sufficient to support a judgment of deportation of an alien. U. S. ex rel. Bruno v. Reimer, 98 F. (2d) 92. It may be used to impeach the credibility of a witness. State v. Herlihy, 102 Me. 310, 66 A. 643.

Turning now to cases where such a conviction is relied on for the purpose of disbarment of a lawyer we find a Texas case which upheld disbarment under a statute similar to ours. The court said: "The term 'conviction' referred to in the statute is not restricted to a conviction procured upon entry of a particular plea by the accused in the case in which the conviction was had." State v. Estes, 130 Tex. 425, 109 S. W. (2d) 167. On the other hand the courts refused to disbar on such a conviction in In re Smith, 365 Ill. 11, 5 N. E. (2d) 227, In re Stiers, 204 N. C. 48, 167 S. W. 382, and People v. Edison, 100 Colo. 574, 69 P. (2d) 246. However those cases were not brought under statutes authorizing disbarment upon conviction. But see In re Needham, 364 Ill. 65, 4 N. E. (2d) 19. Yet in Schireson v. State Board of Medical Examiners, 130 N. J. L. 570, 33 A. (2d) 911 the court refused to revoke a physician's license on such a conviction although the statute expressly authorized revocation on conviction.

Other cases cited by respondent may be distinguished in that they hold, and properly so, the plea of nolo contendere may not be used as an admission in another suit. They do not discuss the effect of a conviction under such a plea in connection with statutory disqualification. In State v. LaRose, 71 N. H. 435, 52 A. 943, where the accused was charged as a second offender, the court pointed out there was no evidence of a judgment of conviction in the prior prosecution and held the plea of nolo contendere could not be considered as an admission.

We hold Terry's conviction on his plea of nolo contendere is sufficient to authorize his disbarment under our statute and rule. Accordingly the motion for judgment on the pleadings is sustained and disbarment ordered. All concur.