In the Matter of ERNST SCHWARZ, Petitioner, against GENERAL ANILINE & FILM CORPORATION, Respondent.

Supreme Court, Special Term, New York County, January 29, 1951.

*Herbert L. Abrons, Kathryn V. Crean* and *Edward W. Eardley* for respondent.

*Kaskell & Schlesinger* for petitioner.

BOTEIN, J. Section 64 of the General Corporation Law expressly denies to a corporate director the right to indemnity for expenses incurred in the defense of an action, suit or proceeding " in relation to matters as to which it shall be adjudged in such action, suit or proceeding that such officer, director or employee is liable for negligence or misconduct in the performance of his duties."

The petitioner pleaded *nolo contendere* in the criminal prosecution instituted by the Government of the United States against the petitioner, his corporation and others. He was fined the sum of $500. In the court's opinion the effect of the petitioner's conviction upon his plea of *nolo contendere* was an adjudication that petitioner was liable for " misconduct in the performance of his duties " within the meaning of section 64 (*supra*). As stated in *People* v. *Daiboch* (265 N. Y. 125, 128–129) the plea of *nolo contendere* " simply means that the defendant will not contend against the charge but will submit to such punishment as the court inflicts, usually less than would have been imposed after a plea of guilty. The court, however, on such a plea may sentence the prisoner to the same punishment as if convicted after a trial or on a plea of guilty. Aside from the ameliorating effect the plea * * * has the *same consequences in a criminal court as a plea of guilty; at least it is a conviction of the crime to which the plea is taken.*" (Italics supplied.)

Although under the provisions of section 5 of the Clayton Act (U. S. Code, tit. 15, § 16) a final judgment or decree entered upon a plea of *nolo contendere* is not to be treated as an admission of the operative facts in another action, the fine of the petitioner, based upon a plea of *nolo contendere,* was nonetheless a conviction of the crime charged against him, as pointed out in *People* v. *Daiboch (supra).* The petitioner has, therefore, within the meaning of section 64 (*supra*) been adjudged liable for misconduct in the performance of his duties in the action or proceeding in connection with which he now seeks reimbursement for expenses incurred.

The motion to dismiss the petition is accordingly granted.