STATE, Respondent, vs. SCHLUETER, Appellant.

*November 7—December 2, 1952.*

For the appellant there was a brief by *Charne & Kops* of Milwaukee, and oral argument by *Floyd J. Kops* and *Irvin B. Charne*.

For the respondent there was a brief by the *Attorney General* and *William J. McCauley,* district attorney of Milwaukee county, and *Harold J. McGrath,* special assistant district attorney, and oral argument by *Mr. McGrath*.

BROADFOOT, J.   Defendant's first contention is that the evidence does not sustain a finding that the neglect and refusal to provide for the support and maintenance of defendant's child was wilful.   The term "wilfully" as used in the statute and as used in the information filed herein means an intent on the part of the defendant to evade his parental duty to support and maintain his minor child.   *Zitlow v. State,* 213 Wis. 493, 252 N. W. 358.   The determination of this issue will require some statement of the facts.

The defendant and his wife were married June 5, 1943. The issue of the marriage was one son, who was four years of age at the time the complaint herein was signed.   In April, 1949, Mrs. Schlueter commenced an action for divorce in the circuit court for Milwaukee county.   In June, 1949, there was a hearing at which the defendant was ordered to pay $30 per month for the support of the son and $35 per month as temporary alimony to his wife.   The defendant made no payments during the year 1949 nor during the first two months of 1950.   Between March 1 and November 27, 1950, the defendant paid the sum of $494, pursuant to said order.   The final payment of $36 was made on the date last mentioned.   No further payments were made prior to the trial.

On January 15, 1951, upon the complaint of Mrs. Schlueter, a warrant was issued for the arrest of the defendant.

The date of the offense stated in the complaint and warrant was November 27, 1950. The defendant was arrested on or about March 31, 1951.

The defendant, by way of explanation of his neglect and failure to make payments after November 27, 1950, testified that he was discharged by his employer in Milwaukee about that date. He was unemployed for about two weeks and then obtained other employment for about two weeks, when his employer became insolvent. He then took a job selling used cars on a commission basis, but until the first of February, 1951, he earned only $40 or $50. Early in February, 1951, he learned that a company in Chicago was seeking hammersmiths, a position for which he was qualified. He borrowed money from his mother, went to Chicago and obtained such employment, and worked there from February, 1951, until the time of his arrest. However, because of a strike in the steel mills and an injury to his leg his earnings were limited and during the period of his employment in Chicago his net earnings were $328. Out of said earnings he repaid $100 to his mother, but contributed nothing toward the support of his family. His wife testified that upon one occasion in August, 1950, the defendant stated that he did not have to support the boy. Later she said she did not know whether he did not want to support the boy or to support her.

All of the elements of the offense are admitted or are not challenged except the wilful intent. It is seldom that the intent of a defendant in a criminal prosecution can be established by direct and positive proof. The defendant in this case waived a jury and was tried to the court. The court had to determine the defendant's intent from all of the circumstances in the case. We have concluded from a review of the entire record that the determination on this point is properly supported by the evidence.

The defendant next contends that the court, in granting probation, imposed conditions beyond those authorized by statute, and therefore the conditions were invalid. Probation in Milwaukee county is governed by sec. 57.025, Stats., and the municipal court has charge of persons on probation from said court. The defendant contends that no regulations governing probation in Milwaukee county have been promulgated jointly by the judges of the municipal court and the district court. There is nothing in the record to support this statement and no such claim was made to the municipal court at the time the sentence was suspended and the defendant was placed on probation. This court cannot accept such a statement unsupported by anything in the record. Any presumption that the court exceeded its authority cannot be indulged in. On the contrary, any presumption would have to be that the judges in Milwaukee county have proceeded according to statute.

Probation for violators of sec. 351.30, Stats., is covered by sec. 57.04, and sec. 57.025 thereof expressly authorizes the municipal court of Milwaukee county to proceed under that section. The contention that the conditions of probation were invalid was answered in the case of *Brozosky v. State,* 197 Wis. 446, 453, 222 N. W. 311, in the following language:

"The defendant urges that the court had no power to place him on probation subject to the control of the judge of the court that imposed sentence. Assuming, without deciding, that defendant is right in his position, he has not been prejudiced by such action on the part of the court. He has enjoyed his freedom and has had the opportunity to so conduct himself that he would never suffer punishment, had he seen fit to do so. But for this period of probation he would doubtless have been sentenced at once."

The defendant further contends that the order revoking probation was invalid because it was based upon a violation of a condition of the probation which he claims was invalid.

It is true that the defendant had made his payments from the date he was placed on probation. That was entitled to the serious consideration of the court. The revocation was handled pursuant to the provisions of sec. 57.04 (2), Stats. The defendant was taken into court by the probation officer, who recommended the revocation for reasons stated in the statute. The announced reason for the revocation, improper associations, is expressly authorized by statute. The record indicates that there were violations of other conditions of the probation as well. This was a matter within the discretion of the court before whom it was heard. From the record we cannot say that it abused its discretion.

*By the Court.*—Judgment and order affirmed.