**STATE of Missouri, Respondent,**

v.

**Alberto VIZCAINO–ROQUE, Appellant.**

**No. WD 42472.**

Missouri Court of Appeals,
Western District.

Oct. 16, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 4, 1990.

Application to Transfer Denied
Jan. 9, 1991.

David S. Durbin, Appellate Defender, Anthony C. Cardarella, Asst. Appellate Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before LOWENSTEIN, P.J., and FENNER and ULRICH, JJ.

LOWENSTEIN, Presiding Judge.

The facts are not in dispute in this appeal of a jury conviction of second degree burglary, § 569.170, RSMo.1986, which constitutes a class C felony for knowingly entering unlawfully or remaining in a building for the purpose of committing a crime. Sentence of seven years was imposed as a prior offender.

The victim had an apartment in a complex in Kansas City. At ten in the morning two maintenance workers at the complex noticed the defendant and another man "looking over the complex," then walk to the apartment in question and knock on the door. The workers got a guard and noticed the sliding door to the apartment was open. A knock on the door resulted in the defendant and another man running from the apartment. Following a short chase, the defendant was caught.

The apartment in question had been ransacked. A gold necklace belonging to the apartment's tenant was found in the defendant's jacket pocket.

■ The first point on appeal concerns sentence as a prior offender, based upon evidence of a judgment and sentence imposed in Florida against the defendant based on his plea of *nolo contendere* to an armed robbery charge. The defendant contends Missouri statutes define a prior offender as a person "who has pleaded guilty to or been found guilty of one felony." Section 558.016.2, RSMo.1986; § 558.019.4(1), RSMo.Cum.Supp.1989. The argument here is the Missouri statutes do not recognize a *nolo contendere* plea and the Florida action should not be counted against him. To bolster this argument, the defendant points to § 491.050, which deals with the law of evidence as to use of "convictions and certain pleas" which "may be proved to affect credibility." This section

refers to "prior pleas of guilty, pleas of *nolo contendere,* and finding of guilty may be proved to affect his credibility." He "suggests that the conspicuous absence of the *nolo contendere* plea from both §§ 558.016 and 558.019 was a *purposeful* omission by the legislature."

"No Missouri case has dealt with this specific contention, probably because, as stated earlier, such a plea is not in our criminal code. *Neibling v. Terry,* 352 Mo. 396, 177 S.W.2d 502, 503 (1944)." It is "an implied confession of guilty and for the purposes of the prosecution is equivalent to a plea of guilty." *Id.* After such a plea nothing is left but to render judgment as the plea, where recognized, is as conclusive as a plea of guilty. *United States v. Norris,* 281 U.S. 619, 50 S.Ct. 424, 74 L.Ed. 1076 (1930).

Although criminal statutes are to be strictly construed, the lack of mention of judgments rendered under *nolo contendere* pleas in a sister state in §§ 558.016 and 558.019 affords no relief to sentence enhancement in Missouri as a prior offender. In 1987 the defendant entered a *nolo contendere* plea to armed robbery in a state that recognized such a plea. He was sentenced to three years, and served time in the Florida Corrections system. Under such facts there was no error for the court to utilize the Florida conviction for the purposes of sentence enhancement.

█ The second point asks for Rule 30.-20 plain error review, for the following remarks of the prosecutor in closing argument which he claims were tantamount to an expression of the prosecutor's personal opinion and special knowledge of his guilt:

Ms. Hill: Good afternoon, ladies and gentlemen. I told you at the very beginning of the case that this will be a short case, and I was right. It has been short. And it is a very simply, clear-cut case. But, again, it is a very important case to the people in this county and to Penny Collier.

I am not going to take a lot of your time here. I don't think it is really necessary *you know as well as I do that this is the man who burglarized Penny Collier's apartment ....* (Emphasis from appellant's brief)

The point is not well taken. It would have been denied had the point been preserved. It certainly does not qualify for plain error relief.

The remaining allegation of error relates to cross-examination of the defendant and the court's ruling on his objection. Despite the apprehension of the defendant running from the apartment, the state questioned him about a statement he made to the police that his fingerprints would not be found in the apartment. Despite no evidence of such, the prosecutor asked the defendant if the reason no fingerprints were found was because of "socks on your hands when you went through her things?" The questioning attempted to get an answer to, "so if she found socks outside her apartment ...?" The court refused to declare a mistrial. The state correctly points to *State v. Thompson,* 697 S.W.2d 575, 579–80 (Mo.App.1985), as authority to deny the point. In *Thompson,* without any evidentiary support, the defendant was asked on several occasions about being an alcoholic. This court ruled there was error in overwhelming defense objections, but no evidence of prejudice was shown. *Id.* at 580. Such is the case here, although the courts should continue to scrutinize such tactics on a case by case basis.

The judgment is affirmed.