HERBERT LEE KELLEY, RESPONDENT, v. THE STATE SOCIAL SECURITY COMMISSION OF MISSOURI, APPELLANT.—161 S. W. (2d) 661.

Kansas City Court of Appeals. May 4, 1942.

*Roy McKittrick* and *B. Richards Creech* for appellant.

CAVE, J.—This is an appeal from the judgment of the Circuit Court of Jackson County, finding that the claimant is eligible for old age assistance and remanding the cause to the State Social Security Commission "for a hearing according to law."

It appears from the record that respondent, Herbert Lee Kelley, had been receiving old age assistance for about four years, and that he was removed from the pension rolls on June 30, 1940, because, as found by the Commission, he was not in need of public assistance within the meaning of the Social Security Act. Thereafter, respondent made application for old age assistance as required by the Act, and after investigation, his application was denied by the State Administrator, from which denial the respondent appealed to the Commission, and after a hearing before the Commission, the order of the Administrator was affirmed and assistance denied, because the Commission found from the evidence "that the claimant has income, resources, support and maintenance sufficient to provide a reasonable subsistence compatible with decency and health, and is not found to be in need."

From this finding and order of the Commission, the respondent appealed to the Circuit Court of Jackson County, which reversed and remanded the case to the Commission, because, as the Court found,

"the decision of the Commission is arbitrary and unreasonable in this, that in determining the budgetary deficiency of claimant's family, the Commission did not consider any item of expense for household supplies, nor any item of expense for education or school supplies for the three minor children living in the home in which claimant resides, nor any item of expense for recreation; further, that the amount listed by the Commission as actual expenses for clothing does not include any sum so as to provide clothing for claimant; the need for all such items of expense being shown by the transcript of the record in this case. Therefore, there is insufficient evidence in the record to substantiate the amount of expenses for the maintenance of the family in which claimant resides. Wherefore, the award of the Commission denying applicant old age assistance is not supported by substantial evidence and this cause is remanded to the Commission for a hearing according to law."

From this judgment the Commission perfected its appeal to this court. At the hearing the claimant was ably represented by counsel, who presented the evidence on behalf of the claimant, and cross examined witnesses produced by the Commission, and it appears that the claimant and the Commission were given full opportunity to present all evidence desired. No contention is made, and from reading the record none could be made, that the hearing itself was not held in a fair and impartial way or that the claimant was denied the right to produce any evidence or fact he desired.

It is now the settled law of this State that if there is substantial evidence to support the finding of the Commission, then it is not within the province of this court or the circuit court to disturb such finding. [Section 9411, R. S. Mo. 1939; Howlett v. Social Security Commission (Mo.), 149 S. W. (2d) 806; Burgfield v. Social Security Commission, 155 S. W. (2d) 273; Dunnavant v. Social Security Commission, 150 S. W. (2d) 1103; Hughes v. Commission, 157 S. W. 223; Garrison v. Commission, 157 S. W. (2d) 792.]

There is no dispute as to claimant's qualifications for assistance, as to age, residence or property; but it is the contention of the Commission, and it so found, that claimant is not in need because he is being supported in the home of his son in a manner compatible with decency and health. On this issue, the evidence is that claimant has nine children, all adults, and seven of them living in Kansas City, but that his son, Paul Kelley, is the only one contributing to his support. For the past five years, claimant has lived in the home of his son as a member of the family. During part of that time, he was receiving old age assistance, and used it for whatever he desired, but at times would purchase food and coal for the home, and on a few occasions had given his son some money. He did not pay anything for board or lodging. Paul Kelley's family consisted of his wife and three children, ages following: a son sixteen years, a daughter fifteen

years, and a son eleven years. Paul Kelley was at the time of the hearing, and for the past eighteen years, employed by the Santa Fe Railroad Company and was receiving a salary of $125 per month. He was asked: "Q. Under your circumstances, do you feel that you are able to continue to support your father? A. Its impossible for me to continue." There was no evidence to indicate his condition or circumstances had changed or his salary reduced in recent years. There was no evidence that the claimant was or had recently been sick or needed medical attention, or that he was not receiving adequate and proper food.

Prior to the hearing and before he was removed from the pension roll, an investigator for the Commission interviewed members of the Kelley family and ascertained the amount of the income and the household expenditures. A copy of this report was introduced in evidence without objection. The report disclosed that the budget for the family was $115.50 per month, while the income was $125 per month. The items listed in the budget were for food, clothing, rental, fuel, electricity, medical supplies, water, transportation and insurance.

We conclude that the reasons assigned by the trial court for remanding the cause to the Commission were based on the family budget schedule prepared by the investigator for the Commission. It is true this schedule did not have a separate amount set aside or designated for "education or school supplies . . . recreation . . . household goods," but it did include a specific item for "clothing." There was no evidence offered by the claimant or the members of the Kelley family that there was not sufficient money for "household supplies . . . education or school supplies . . . recreation . . . or clothing."

It is not within the province of this court or the trial court to judicially set the standard of living or determine the amount of money necessary for the support of a given family, if there is substantial evidence to support the finding of the Commission that an applicant for the benefits of the Social Security Act is being supported in decency and health. The Legislature, by the Act, has invested that authority in the Commission, and we cannot say it has acted arbitrarily and unreasonably if the record discloses substantial evidence to support its finding. See cases above cited. The family budget as prepared by the investigator left a surplus monthly income of $9.50, after providing for the various items above enumerated, and the Commission could find and it is a reasonable inference that it did find, that from such schedule, together with the other evidence in the case, the claimant was receiving support and maintenance compatible with decency and health, and if so, we cannot disturb such finding.

The administration of our Social Security Act is not easy, but the Legislature had charted the course and set the standards and limi-

tations for its administration, and until they are changed, the Commission and the courts must, and will, administer the law within the confines of the Act, always keeping in mind that the board and benevolent purpose of the Legislature was to grant assistance to those who were in need, and not pensions to all those above the age of sixty-five. HUGHES, J., speaking for the St. Louis Court of Appeals, in the case of Smith v. Social Security Commission, 153 S. W. (2d) 741, 743, very aptly said of the Act:

"It was designed to furnish aid and assistance only to such indigent aged persons who had no other resources for subsistence, gifts or otherwise, and it was never intended to lift from the shoulders of children their filial and moral obligation to supply life's necessities to aged and infirm parents who had nourished them through their helpless infancy."

When an application is made to the Commission for the benefits under the Act, the burden of proving his or her right thereto rests upon the claimant. [Chapman v. Social Security Commission, 147 S. W. (2d) 157; Nichols v. Social Security Commission, 156 S. W. (2d) 760.]

From a careful reading of this record, we conclude that the claimant has not sustained that burden and that there is substantial evidence in support of the findings of the Commission, and, in view of the 1939 amendment, Revised Statutes 1939, Section 9396, et seq., and the Howlett and other cases cited, *supra,* we are compelled to reverse the order and judgment of the circuit court and remand the case to that court, with directions to set aside its former judgment and to affirm the order of the Social Security Commission. It is so ordered. All concur.