Flora B. THORNSBERRY, Respondent,

v.

STATE DEPARTMENT OF PUBLIC HEALTH AND WELFARE, Appellant.

No. 7471.

Springfield Court of Appeals.

Missouri.

Nov. 4, 1955.

John M. Dalton, Atty. Gen., Harold L. Volkmer, Asst. Atty. Gen., for appellant.

Claude T. Wood, Richland, for respondent.

McDOWELL, Presiding Judge.

This appeal is from a judgment of the Circuit Court of Camden County, Missouri, reversing and remanding for redetermination the decision and order of the Director of the State Department of Public Health and Welfare (hereinafter called Director) made August 2, 1954, removing Flora B. Thornsberry from old age assistance rolls because the actions of the Director were arbitrary and unreasonable.

The respondent had been receiving old age assistance benefits since October, 1938. After reinvestigation of respondent's eligibility to continue on the old age assistance rolls by the Division of Welfare she was removed from the rolls in February, 1954, on the basis that income of the home was sufficient to meet the needs of the household. Respondent appealed and a hearing was had before a Referee July 13, 1954, thereafter, the Director of Public Health and Welfare, on August 2, 1954, ruled that from a consideration of the evidence in the case, claimant was not in need of public assistance and ordered the decision of the Camden County Welfare Office removing claimant from old age assistance rolls approved and the judgment affirmed.

The cause was appealed to the Circuit Court of Camden County where the court reversed the judgment and remanded the cause for redetermination of the issues by the Director. From this judgment the cause comes to this court on appeal.

From the decision and order of the Director it appears that the method followed by the Division in determining eligibility for public assistance benefits is to make an investigation and prepare a household budget which shows, among other things, the total income and resources of the claimant and members of the family and the total necessary expenses of the family, and if the income and resources exceed the necessary expenses, the claimant is not eligible to receive public assistance benefits. The Director stated in his decision that this method has been held by our appellate courts to be a proper manner of applying the social security law to a given case. Citing Kelley v. State Social Security Commission, 236 Mo.App. 1058, 161 S.W.2d 661; and Smith v. State Social Security Commission, Mo. App., 153 S.W.2d 741.

The record shows that on February 1, 1954, the Division made a reinvestigation of respondent and all surrounding facts and circumstances, the members of the family unit, the earnings, income, and resources thereof, and the necessary expenses of respondent's family unit, consisting of respondent, her daughter, Fay Thomas, and granddaughter, Helen Thomas, to determine her eligibility to continue receiving public assistance benefits. From the facts obtained in this reinvestigation, a household budget was prepared, (which is in evidence as Division's exhibit 1). It showed the net monthly income of the family unit to be $220.98 and the total necessary monthly expenses to be $157.03 plus $37.59 necessary expenses for respondent and that there remained a surplus of $26.36. Upon the information shown in this budget the Division removed respondent from the rolls in February, 1954. An appeal was taken from the order of the Division to the Director. After the appeal, on May 3, 1954, a second reinvestigation was made by order of the County Director which budget is in evidence as Division's exhibit 2.

In the first budget the case worker considered only the respondent, her daughter, Fay Thomas, and granddaughter, Helen Thomas; she failed to include Glenn Thomas, a son of Mrs. Thomas, who is 21 years of age and attending the University of Missouri in his Senior year. She stated she learned there was a son but, because he was 21 years old and because she was of the opinion he was in school under the G.I. Bill of Rights, she did not consider him as a member of the family. The budget of May 3, 1954, showed the net monthly income of the family to be $258.38 and the total expenses $199.78 plus $37.59 allowable expenses for respondent, which showed a surplus of $21.01.

After due notice by the Director the cause was heard before the Referee July 13, 1954. Claimant did not appear because of her physical condition but was represented by her attorney, Claude T. Wood, and her daughter, Mrs. Fay Thomas. At this hearing evidence was heard and thereafter upon the record there made, the Director made a findings of fact and rendered his decision and order affirming the action of the Division in removing respondent from the rolls.

The Director's findings of fact are as follows:

"Claimant, 85 years of age, lives with her daughter, Fay Thomas, in Richland, Camden County, Missouri. Mrs. Thomas has two children, a boy, Glen, age 21 and a third year student in engineering at the University of Missouri, and a daughter, Helen, age 16 and a high school junior. Mrs. Thomas is regularly employed. The son is employed during school vacation, and the daughter has an income of about $16.00 monthly as well as $18.80 old age and survivors insurance. The county welfare office prepared a budget dated February 1, 1954, showing the income and allowable expenses. This budget was identified and introduced in evidence and showed the net monthly income in the household as follows: Mrs. Thomas, $209.73 and Helen, $18.-80 old age and survivors insurance, or a total income of $228.53, less expense of producing income for Mrs. Thomas of $7.55, leaving a net monthly income of $220.98. Allowable monthly expenses are $194.62. There was no showing of need for public assistance. At the hearing a budget dated May 3, 1954, was identified and introduced in evidence. The only difference in the two budgets was a showing of the income of the son and his personal requirements. There was no showing of need on this budget. At the hearing it was learned that there was additional income of $16.00 earned by the daughter which had not been taken into consideration. Had this additional income been used in the preparation of the budget, it would only have shown a larger surplus, and no need for assistance. An item of expense called Income Margin was allowed on each budget. This is 20% of the net income in the home and is included to meet expenses not allowable on the budget. Only 80% of the net income is budgeted to meet the expenses of the household. It is found there is sufficient income in the home to meet the needs of the family of claimant's daughter and to furnish to claimant a subsistence compatible with decency and health."

The judgment of the Circuit Court entered on the 16th day of May, 1955, found and adjudged that the judgment of the Director of Public Health and Welfare was arbitrary and unreasonable because Director used and applied a "standard budget" as prepared by the Division of Welfare to be used for all persons of the same classification without regard to the actual need of claimant and her family and without determining whether the "standard budget" was applicable and proper in the locality of the residence of claimant's family so as to meet the needs of said family, compatible with decency and health; and because the Director refused to consider the needs of Glenn Thomas, a grandson and member of claimant's family, while

he was attending Missouri University, but used and applied the "standard budget" and made the same allowance for said son's expenses whether he was staying in the home or attending Missouri University at Columbia. The trial court stated that he based his judgment upon a decision of this court in Hagy v. State Department of Public Health & Welfare, Mo.App., 259 S.W. 2d 101, and he further found that this decision had not been overruled by the Supreme Court in Collins v. Division of Welfare, Mo.Sup., 270 S.W.2d 817, as contended by the Director of Welfare.

The law was declared in Collins v. Division of Welfare, supra, 270 S.W.2d at page 819, as follows:

"* * * If the findings and order of the Director are supported by substantial evidence in the record before us, we may not disturb the judgment appealed from and must affirm it. But if the Director's findings are contrary to the determinative undisputed facts, and are therefore arbitrary and unreasonable we must so find, and reverse the judgment. Kelley v. State Social Security Commission, 236 Mo.App. 1058, 161 S.W.2d 661, 662; Howlett v. State Social Security Commission, 347 Mo. 784, 149 S.W.2d 806; Morton v. State Social Security Commission, Mo.App., 205 S.W.2d 272, 274; Hardy v. State Social Security Commission, Mo.App., 187 S.W.2d 520."

Following the law so declared by the Supreme Court, it becomes the duty of this court to determine from the record whether or not the findings of the Director are supported by substantial evidence. If so we may not disturb the judgment appealed from but must affirm it. But if the Director's findings are contrary to the *determinative undisputed facts* and are therefore arbitrary and unreasonable it is the duty of this court to affirm the judgment of the trial court.

Under section 208.080 RSMo 1949, V.A.M.S., it is provided:

"* * * Every applicant on appeal to the director of the department of public health and welfare shall be entitled to be present, in person and by attorney, at the hearing, and shall be entitled to introduce into the record at said hearing any and all evidence, by witnesses or otherwise, pertinent to such applicant's eligibility [as defined under the provisions of section 208-010 and 208-030], and all such evidence shall be taken down, preserved and shall become a part of the applicant's record in said case, and upon the record so made the director of public health and welfare shall determine all questions presented by the appeal."

Under section 208.100 RSMo 1949, V.A. M.S., it is provided:

"* * * Upon the record so certified by the director of public health and welfare, the circuit court shall determine whether or not a fair hearing has been granted the applicant. If the court shall decide for any reason that a fair hearing and determination of the applicant's eligibility and rights under this law was not granted the individual by said director, or that his decision was arbitrary and unreasonable, the court in such event shall remand the proceedings for redetermination of the issues by said director."

Section 208.010 RSMo 1949, V.A.M.S. provides:

"In determining the eligibility of an applicant for public assistance under this law, it shall be the duty of the division of welfare to consider and take into account all facts and circumstances surrounding the applicant, including his earning capacity, income and resources, from whatever source received, and if from all the facts and circumstances the applicant is not found to be in need, assistance shall be denied. The amount of benefits when added to all other income, resources, support and maintenance shall provide such persons with reasonable subsistence compatible with decency and health. Irregular, casual, and unpredictable income received by a claimant from performing odd jobs shall be excluded in calculating income. * * *" See this section as amended, Laws of 1953, p. 644, V.A.M.S.

Appellant's first contention is that the trial court erred in finding that there was not substantial evidence to support the judgment and order of the Director of the Department of Public Health and Welfare and that such finding was arbitrary and unreasonable.

In considering whether upon the entire record before the Director, and now before us, there is substantial evidence to support the Director's finding and order, we must only consider the evidence most favorable to the Director's finding and order. We do not try the case de novo but only determine if there is substantial evidence to support the Director's finding. Brattin v. State Social Security Commission, Mo.App., 194 S.W.2d 536; Hardy v. State Social Security Commission, Mo.App., 187 S.W.2d 520; Collins v. Division of Welfare, supra; Howell v. State Dept. of Public Health and Welfare, Mo.App., 249 S.W.2d 863; Davis v. State Department of Public Health and Welfare, Mo.App., 274 S.W.2d 615.

In Collins v. Division of Welfare, supra, the law is stated that an appellate court in considering whether or not there is substantial evidence of record to support the findings and order, passes only upon matters of substance. Questions concerning credibility of witnesses or the weight of the evidence are not before the court. Substantial evidence is evidence which, if true, has probative force upon the issues, i. e., evidence favoring facts which are such that reasonable men may differ as to whether it establishes them; it is evidence from which the trier or triers of the fact reasonably could find the issues in harmony therewith; it is evidence of a character sufficiently substantial to warrant the trier of facts in finding from it the facts, to establish which the evidence was introduced. State v. Miller, Mo.Sup., 202 S.W. 2d 887, 889; Berkemeier v. Reller, 317 Mo. 614, 296 S.W. 739, 752; State v. Gregory, 339 Mo. 133, 96 S.W.2d 47, 51, 52.

The record evidence shows that the case worker, who made the reinvestigation on February 1, 1954, visited the home of Mrs. Fay Thomas with whom respondent lives, and received material information from Mrs. Thomas and from other sources. From this reinvestigation the first household budget was prepared February 5, 1954, reflecting the family income and necessary expenses, as follows: From check stubs presented by Mrs. Thomas to the case worker she determined that Mrs. Thomas' monthly income was $209.73. The case worker testified that she verified the income from the records of her employer. She ascertained that the monthly income of the daughter, Helen, was $18.80 OASI payments. This information is undisputed. $7.55 was allowed for producing income of Mrs. Thomas and consisted of transportation $3.36, (being seven cents per mile under the "standard rule"), and $4.19 social security derived from statements of Mrs. Thomas made to the case worker that there would be deducted from her salary two per cent social security. After the deductions allowed, the net income in this budget is shown to be $220.98. Total monthly requirements for the family unit were listed in the budget as $33.84, consisting of fire ins. $2.66, fuel $7.86, lights $4.00, water $3.06, telephone $2.64, per. tax .46¢, dry cleaning $2.50, laundry $8.66. Income margin of $44.20 was allowed, being 20% of the net income of the family unit. The evidence shows that only 80% of the net income was used for the budget. $78.99 was allowed as personal requirements which consisted of $45.74 for Fay Thomas and $33.25 for Helen Thomas. These figures were determined by standard rule used by the department. The total monthly expenses allowed was $157.03, which, when deducted from $220.98 monthly net income, left a surplus of $63.95. Respondent was allowed for personal requirements $37.59 which deducted from the remaining income leaves a surplus of $26.36.

Respondent was removed from the old age assistance rolls from information secured by the first reinvestigation and contained in the budget in evidence as exhibit 1. After the appeal to the Director, to wit, May 3, 1954, another reinvestigation was ordered by the Division and a

budget prepared, which is in evidence as exhibit 2.

In this budget the grandson was considered in the family unit. His monthly income was determined as $37.43, which increased the total monthly net income of $220.98 (shown in the first budget) to $258.-38, (shown in the second budget). The income margin in the second budget was increased to $51.68 and the personal requirements for Glenn were fixed under the standard allowance at $37.29, which increased the total personal requirements to $115.67, making the total family unit expenses (in the second budget) $199.78, and leaving a surplus income of $58.60. From this was deducted the personal requirement expense for respondent of $37.59, allowed under the standard allowance, leaving a surplus of $21.01.

Mrs. Fay Thomas testified that respondent was 85 years old, a semi-invalid, who had been in her home for many years; that her husband was killed in 1944 and she was left with two children whom she has cared for and is educating. She testified she was employed by Richland Municipal Utilities and was paid by two checks bimonthly; that her pay per calendar month, at the present time, is $196; that her daughter, Helen Sue, receives Federal insurance contribution of $18.80 per month. She testified that her son, Glenn, is a Senior at the University of Missouri; that during the summer months he earns $31.86 per week or a total yearly earning of $446.04 and his average monthly income is $37.17; that her daughter earns $16 a month for part time work while in school and the total family income is $267.97. She gave this testimony:

"Q. Now, can you tell us, Mrs. Thomas, the approximate school expense for Glenn Thomas during the school year at the University? A. On a monthly basis?

"Q. Yes. A. About $90.00.

"Q. That includes room and board of $45.00 a month, does it not? A. Yes."

She testified that he had miscellaneous expenses of $25 a month, tuition, books and laboratory fees of $20 a month; that his average yearly expense would amount to about $66 per month; that the average yearly school expenses of Helen would amount to about $25 per month. She testified that her monthly expenses were: wood and coal $5, gas $4, lights $5, water $4, telephone $2.05, laundry $10, dry cleaning $3, monthly instalments on insulation of attic in home $6, insurance on home $2.08, taxes on home $2.65, repairs on home $2.08, newspaper $2, auto ins. $5.45, life ins. $2.64, sick and accident ins. $4.75, groceries $75, clothing for four people $50, medical and dental $20, auto exp. $15, misc. $20. She testified that her total expense was $355.75 a month and her total earnings $267.97, leaving a deficit of $63.73 a month.

On cross-examination she admitted that she had no unpaid bills; that there had been an increase in her salary since the last reinvestigation, made in 1952, of $25 a month. She also testified that when the case worker talked to her in February she gave her the information as to her expenses and that she showed her the check stubs of her earnings.

The testimony is undisputed that the case worker who prepared the family budgets in evidence as Division's exhibits 1 and 2, determined the personal requirements of each member of this family unit, under standard requirements used by the department for all persons within a certain class; that these figures are set by the State for clothing, food, personal expenses and household incidentals. The case worker testified that there are allowances for other additional household expenses if reasonable and shown. She testified she allowed no medical expense because none of the members of the unit were under a doctor's care; that she allowed the maximum standard for insurance. She stated that Mrs. Thomas' premium was $25 and her daughter's $22 a year; that the maximum allowed would not meet the entire need. She testified that regardless of the amount of expenses paid for food, clothing and household incidentals, standard figures are used and are all that would be allowed unless it were shown there was a special

diet involved. She said the same was true as to clothing.

The record testimony, as to items of both income and necessary expenses, stands disputed and is conflicting. The Division's budget of necessary expense items was founded largely upon information received from Mrs. Thomas and from the record. For instance, the taxes were determined from 1953 tax receipts, the salary of Mrs. Thomas was determined from salary crecks shown case worker by Mrs. Thomas and from inspection of the books. Mrs. Thomas does not deny that the items shown in the budget were obtained from information given by her to the case worker. It will be noted that Mrs. Thomas states she received $196 take home pay per month while the record shows $209.73. The checks shown in the budget do not support either of these statements. The expense items are practically the same in appellant's and respondent's testimony. The principal dispute in the evidence is as to the personal requirements which were determined under the standard rules adopted by the State. However, all of the testimony was before the Referee. It will be noted that respondent's testimony as to personal requirements, which we have set out in the opinion, are estimates. No receipts as to grocery bills, items of clothing or the expense items of her son were offered in evidence. We do not pass upon the credibility or weight of the evidence. This appeal cannot be ruled by any conclusion we could independently reach upon the record now before us as if this case were here for a trial de novo. The question before us, and the only question, is whether upon this record there is substantial evidence to support the order and decision of the Director, which was reversed by the Circuit Court.

Under section 208.010 of the statutes, it is provided that if, under all the facts and circumstances, respondent "is not found to be in need, assistance shall be denied. The amount of benefits when added to all other income, resources, support and maintenance shall provide such persons with reasonable subsistence compatible with decency and health."

The burden rests upon respondent to show the need and in considering the Director's findings and order we must consider the evidence most favorable to the Director's findings and order. Collins v. Division of Welfare, supra, 270 S.W.2d at page 820.

Unless we can determine from the undisputed facts that the findings of the Director were arbitrary and unreasonable, then the judgment must be affirmed. The weight and credibility of the testimony is not before this court.

In Kelley v. State Social Security Commission, 236 Mo.App. 1058, 161 S.W.2d 661, 663, Judge Cave, speaking for the Kansas City Court of Appeals, stated:

"It is not within the province of this court or the trial court to judicially set the standard of living or determine the amount of money necessary for the support of a given family, if there is substantial evidence to support the finding of the Commission that an applicant for the benefits of the Social Security Act is being supported in decency and health. The legislature, by the Act, has invested that authority in the Commission, and we cannot say it has acted arbitrarily and unreasonably if the record discloses substantial evidence to support its finding. * * * The family budget as prepared by the investigator left a surplus monthly income of $9.50, after providing for the various items above enumerated, and the Commission could find, and it is a reasonable inference that it did find, that from such schedule, together with the other evidence in the case, the claimant was receiving support and maintenance compatible with decency and health, and if so, we cannot disturb such finding."

In this case it is stated that we must keep in mind that the broad and benevolent purpose of a legislature was to grant assistance to those who were in need. And the court quoted in 161 S.W.2d on page 664 from an opinion of the St. Louis Court of Appeals the following law:

" 'It was designed to furnish aid and assistance only to such indigent aged persons who had no other resource for subsistence, gifts or otherwise, and it was never intended to lift from the shoulders of children their filial and moral obligation to supply life's necessities to aged and infirm parents who had nourished them through their helpless infancy' "

It is contended by respondent, under point I of her brief, that the Director's finding was arbitrary and unreasonable because he used and applied a standard budget without regard to the actual need of claimant and her family and because the Director refused to consider the needs of Glenn Thomas while he was attending Missouri University.

Under this contention respondent cites Ellis v. State Department of Public Health and Welfare, Mo.App., 277 S.W.2d 331, 334.

In this case, the Springfield Court of Appeals held that the exhibits constituted hearsay evidence, which were objected to by plaintiff's counsel and were not properly before the Director or reviewing court for consideration and where exclusion of such exhibits left Director's decision unsupported by competent and substantial evidence from the whole record, the decision removing claimant from benefit rolls was arbitrary and unreasonable. In other words, this decision held that there was no competent evidence to support the Director's ruling. That question is not before this court in the instant case.

Collins v. Division of Public Welfare, supra [270 S.W.2d 820], is cited to support respondent"s contention. The issues involved in this case are very similar to those involved in the instant case. A reinvestigation was made and the needs, in part at least, were determined by standard rules provided by the Department. We have quoted in our opinion extensively from this opinion which, we hold to be an authority against respondent's contention. This case holds that if the Director's findings are contrary to the determinative undisputed facts and are arbitrary and unreasonable, we must reverse the judgment. (Citing

much authority.) That unquestionably is the law. It cites the requirements of the statute that at the hearing the evidence must be preserved and becomes a part of the record; " 'and *upon the record so made* the director of the department of public health and welfare shall determine all questions presented by the appeal, and shall make such decision as to the granting of assistance and the amount thereof as in his opinion is justified and in conformity with the provisions of this chapter.' " The opinion cites section 208.010 of the statute which provides that under all the facts and circumstances if appellant "is not found to be in need, assistance shall be denied". This statute provides that the amount of benefits which added to all other income, resources, support and maintenance shall provide such persons with reasonable subsistence compatible with decency and health.

We cannot agree with respondent that the Division in its reinvestigation cannot use "rules of standard allowances" adopted by the Director of the Division of Welfare in determining the needs of an applicant for old age assistance. That method was used in the cases cited by respondent and has been used and approved in numerous appellate decisions in this State, some of which are set out in the order of the Director in his findings of fact in the instant case. The trial court cites Hagy v. State Dept. of Public Health & Welfare, Mo. App., 259 S.W.2d 101, decided by this court. In the opinion, Judge Vandeventer, 259 S.W.2d on page 103, stated:

"The statutes, Sections 208.010 and 208.-030 RSMo 1949, V.A.M.S., provide: 'The amount of benefits when added to all other income, resources, support and maintenance shall provide such persons with reasonable *subsistence compatible with decency and health.* * * * The minimum requirements would be sufficient shelter, food, clothing and medical attention. Hooks v. State Social Security Comm., Mo.App., 165 S.W.2d 267. * * *

" * * * The undisputed facts should take precedence over the arbitrary figures

in the budget prepared by the case worker. Foster v. State Social Security Comm., Mo. App., 187 S.W.2d 870."

Collins v. Division of Welfare, supra, states the same law in different words. We think there is no conflict between these cases as to that principle of law. It must be remembered that every case is decided upon the facts of the particular case. The facts in the Hagy case are different from the facts in the instant case and the case is no authority for the trial court's holding.

The record testimony as to the son's allowance for expenses while attending the University shows that the allowance made was for his requirements regardless of whether he was attending the University or not. The record testimony shows that he was 21 years of age; that he earned some $37 per month; that there was only considered in the budget prepared eighty per cent of the family income and twenty per cent was left for Mrs. Thomas to use as she saw fit for expenses not allowable. The evidence also discloses that the daughter was earning $16 per month, which was not included in the budget estimates. It further shows that the expenses of the family have been paid although Mrs. Thomas testified that her monthly income shows a deficit. There is no contention that the needs of the respondent were neglected. All of the evidence, including the two prepared budgets, were before the Director and, from a consideration of the record evidence, this court concludes there was substantial evidence to support the Director's finding and we hold that the trial court was in error in his judgment reversing the Director's judgment and order affirming the judgment of the Division in removing respondent from the old age assistance rolls.

The second allegation of error in appellant's brief claims the trial court erred in applying fixed standards to the family unit since the Director is authorized to do so.

Respondent, under point II in her brief, contends that the judgment of the court holding the decision of the Director of the Division of Welfare was arbitrary and unreasonable because the Director used and applied a standard budget without regard to the actual needs of the claimant and without determining whether the standard budget was applicable and proper in the locality of applicant's family.

The record evidence does not sustain respondent's contention. The testimony of the case worker is that she made different trips to the home of Mrs. Thomas and respondent and secured from Mrs. Thomas the information as to the expenses of the family unit and from other sources. Mrs. Thomas, in her testimony, admits she gave the case worker the information contained in the family budgets, offered in evidence. The standard was only applied as to the personal requirements, being about the only testimony that the case worker could use. This court does not determine the method and manner that shall be used by the department in carrying out its obligations under the law as stated in cases set out in this opinion. We did hold in Hagy v. State Department of Public Health and Welfare, supra, cited by respondent, 259 S.W.2d on page 104 of the opinion, that the undisputed facts should take precedence over arbitrary figures in the budget prepared by the case worker. We think the same law is declared in Collins v. Division of Welfare, supra, cited herein by respondent. Foster v. State Social Security Commission, supra, is cited by us in the Hagy case. There is no conflict in the holdings of the courts in each of these opinions.

The Director had the duty to determine the issues presented from a consideration of the whole record. He was not confined to the budgets in evidence but must consider the budgets in evidence together with all the evidence as to the conditions and surrounding circumstances existing in the particular case. It is our duty to consider all of the record testimony and, in doing so, we find that there was substantial evidence to support the judgment and order of the Director.

Under this allegation of error appellant cites numerous authorities. We have quoted from many of such authorities in this opinion and think it unnecessary to go into

all of the authorities cited. We hold that the allegation of error is well taken and that the trial court was in error in holding that the Director of the Division of Welfare acted arbitrarily and unreasonably in applying fixed standards to the family unit.

Allegation of error No. III complains that the trial court erred in holding that the case of Hagy v. State Department of Public Health and Welfare, supra, controlled in deciding this case and not the case of Collins v. Division of Welfare, supra.

We do not agree with the contention here made that the trial court based its opinion upon the Hagy case instead of the Collins case. The trial court plainly said that the Collins case did not overrule the law as declared in the Hagy case.

Judgment of the trial court reversed with directions that the judgment and order of the Director of State Department of Public Health and Welfare be affirmed.

STONE and RUARK, JJ., concur in result.

RUARK, Judge.

I concur in the result only because by my calculations the total family income from all sources barely (and not by twenty per cent) exceeds the total of necessary expense, including some items which were not included in the case worker's budget. However, I do not wish my concurrence to be taken as approval of the consideration, or lack of consideration, given to some items of necessity by the local representatives of the Department of Welfare, and apparently not directly considered by the Director. In my own calculations I have also included the earnings of the granddaughter, Helen, although the Director indicates he did not include such in the total family income. There is some question whether this "average" of $16 was irregular or casual earnings which should not be included in the computed income, but this was not developed sufficiently by respondent.

Mrs. Thomas testified to a monthly need of $20 for medical and dental services. No sum was included in the budget for such by the case worker because none of the family were under the regular care of a doctor at the time the budget was made. It seems to me a budget should anticipate reasonable needs and not just those of the exact moment, but the budget made no allowance for this, not even the price of a box of aspirin or the cost of a visit to the dentist.

The same was true of repairs to the house of the relative whose income is charged with support of respondent. Mrs. Thomas estimated them at $2.08 per month. The budget allowed nothing.

Mrs. Thomas testified it cost $25 per month for the expense of her daughter, Helen, in high school. The "standard" allowed for this purpose was $.50. Concededly the witness Thomas did not develop some of the items as fully as she should have in view of the rule that the burden of proving eligibility is on the claimant. Nevertheless, it is I think a matter of common knowledge that people, including a household which supports an 85-year-old woman, have *some* needs for medical and dental attention; that houses occasionally need *some* repairs; and I think further it is a matter of common knowledge that $.50 per month is insufficient to supply even the barest needs of a high school student. Assuming the right to depreciate the figures supplied by respondent's witness Thomas, the *total* lack of recognition of some of these items and the practical lack of recognition of another I think would be arbitrary and unreasonable.

The Department is empowered to develop standards to be applied in determining the amount of benefits to be paid, sec. 208.010, as amended, Laws of 1953, p. 644, V.A.M.S., but these standards must of necessity be flexible enough to afford "reasonable subsistence compatible with decency and health" to the person in each individual instance. Any standard or method of determination of the amount of benefits necessary which ignores the need of medical

and dental attention, of repairs to shelter or of education of minor children, when such are factors necessary and pertinent to the inquiry, is in my opinion arbitrary and unreasonable.

STONE, Judge.

I concur in the principal opinion as to result only, and in the views expressed by RUARK, J., in his concurring opinion.