**STATE of Missouri, (Plaintiff) Respondent,**

v.

**James NORMAN, (Defendant) Appellant.**

No. 31444.

St. Louis Court of Appeals.

Missouri.

Oct. 15, 1963.

Motion for Rehearing or to Transfer to Supreme Court Denied Oct. 28, 1963.

William B. Spaun, Hannibal, for appellant.

John E. Mills, Pros. Atty., Ralls County, New London, for respondent.

ANDERSON, Judge.

This is an appeal from an order of the Circuit Court of Ralls County overruling defendant's motion to retax costs in a misdemeanor case.

The action originated July 20, 1961, in the Magistrate Court of Ralls County, by the filing of an information therein by the prosecuting attorney of said county. The information was in two counts. Count One alleged that "upon the 14th day of July, 1961, at the Township of Salt River in said County of Ralls, and the State of Missouri, the defendant did then and there wilfully, unlawfully drive and operate a certain Plymouth motor vehicle in a Careless and Imprudent manner so as to obstruct and hinder traffic on State Highway #154." Count Two alleged that defendant "did then and there wilfully and unlawfully, knowingly obstruct, resist or oppose a police officer in the service or in the attempt to serve a summons, or in the discharge of said officer's duty in a case other than a felony * * *."

To the charges in the above information defendant, on July 20, 1961, entered a plea of not guilty. Thereafter on August 16, 1961, defendant filed an application for a

change of venue, which was sustained, and the venue changed to the circuit court of Ralls County. On October 20, 1961, the cause came on for trial before the court and jury. After the jury was selected and sworn, defendant withdrew his former plea of not guilty, and entered a plea of nolo contendere. Upon this plea defendant was sentenced to pay a fine of $50.00 on each count of the information, and the costs of the action. Thereafter, and on December 1, 1961, the clerk of said court issued an amended bill for costs, which included the sum of $132.00 as jury fees, and mileage of jurors in the sum of $41.30. On December 9, 1961, defendant filed a motion to retax the costs, the prayer of which was to vacate and set aside the entries taxing the costs of the jury and the mileage of the jurors allowed in said tax bill. This motion was overruled and defendant appealed to the Supreme Court. The appeal was from the order overruling defendant's motion to retax the costs. The Supreme Court transferred the case to this court on the ground that the appellate jurisdiction was in this court.

■ In this court respondent contends there is no final judgment in this case from which an appeal will lie, for the reason that the judgment was based on a plea of nolo contendere, which plea is not recognized under our code of criminal procedure. The case before us is not an appeal from the judgment of conviction, but from the order overruling defendant's motion to retax the costs. Such an appeal is authorized under § 512.020 RSMo 1959, V.A.M.S. as a special order after final judgment. See Herson v. Chicago & Alton Railroad Company, 18 Mo.App. 439. We will not look behind the judgment. It has been held, however, that a plea of nolo contendere amounts to an implied confession of guilt and equivalent to a plea of guilty. Neibling et al. v. Terry, 352 Mo. 396, 177 S.W.2d 502, 152 A.L.R. 249. No doubt, it was so considered by the trial court and the parties to this action.

Appellant contends that the court erred in overruling the motion to retax the costs for the reason that there is no statutory authority for taxing as costs, jurors' fees, and mileage in criminal cases.

■ The subject of costs in criminal cases is covered by Chapter 550 RSMo 1959, V.A.M.S. By § 550.280 it is provided:

"All fees due witnesses before the grand jury, and all fees due jurors in any criminal case, and all fees accruing in any inquest case where the verdict of the jury is that the deceased came to death by other than unavoidable accident or natural causes, shall be deemed criminal costs, and shall be paid in like manner and shall be subject to all the offsets herein provided for."

§ 550.280 was § 3 of an Act passed by the general assembly in 1899, (Laws of Missouri, 1899, p. 219) entitled, "AN ACT in relation to the payment of criminal costs and for other purposes relating thereto, with emergency clause." Except for revisions, not here material, §§ 550.260; 550.270; 550.280; 550.290; 550.300 are a part of said act, and have provisions relating to the payment of criminal costs. Because §§ 550.260 and 550.270 relate to the payment by the state and county of criminal cost bills, appellant argues that § 550.280 RSMo 1959, V.A.M.S. was enacted merely for the purpose of enabling counties to collect the costs therein mentioned from the state, and should not be construed as authorizing the taxing of them as costs in any particular criminal case where a defendant is convicted. We cannot agree with this construction. We believe it was the intent of the legislature to make jury costs taxable, as costs, in any case in which the jury served. The statute refers to "all fees due jurors in any criminal case * * * shall be deemed criminal costs, * * *." If the legislature intended to limit same to those cases where the state was liable for costs it would have so

provided. Jurors' fees are fixed by § 494.100 at six dollars a day plus seven cents a mile necessarily traveled from his place of residence to the courthouse and returning to his home.

■ It is further argued that since the general assembly has provided by § 494.160 RSMo 1959, V.A.M.S. for the taxing as costs, against the losing party, in civil cases, jury fees in the sum of $12.00, and in Magistrate Courts by § 499.140 RSMo 1959, V.A.M.S. the sum of one dollar for each juror who sits in a case, its failure to specifically provide for the taxing of the costs of a jury in a criminal case evidences an intention on its part that such costs should not be assessed. This perhaps would be a valid argument were it not for § 550.280 RSMo 1959, V.A.M.S., which, in our opinion, authorizes the taxing of the costs of the jury in criminal cases.

§ 550.010 RSMo 1959, V.A.M.S., provides:

"Whenever any person shall be convicted of any crime or misdemeanor he shall be adjudged to pay the costs, and no costs incurred on his part, except fees for board, shall be paid by the state or county."

It does not appear from the record that defendant comes within the exception provided for by § 550.030 RSMo 1959, V.A.M.S. In our opinion, the order and judgment of the trial court should be affirmed. It is so ordered.

RUDDY, P. J., and WOLFE, J., concur.