**STATE of Missouri, Respondent,**

**v.**

**James NORMAN, Appellant.**

No. 50496.

Supreme Court of Missouri.

En Banc.

July 13, 1964.

Thomas F. Eagleton, Atty. Gen., Joseph Nessenfeld, Asst. Atty. Gen., Jefferson City, John E. Mills, Pros. Atty., Ralls County, New London, for respondent.

William B. Spaun, Hannibal, for appellant.

DALTON, Judge.

Defendant filed a notice of appeal to this Court from the order and judgment of the Circuit Court of Ralls County overruling defendant's motion to re-tax costs in a misdemeanor case. For want of jurisdiction, this Court transferred the cause to the St. Louis Court of Appeals where an opinion was prepared, adopted and filed. State v. Norman, Mo.App., 371 S.W.2d 41. A motion for rehearing or to transfer to this Court was denied. Thereafter, on the application of defendant, this Court ordered the cause transferred here because of the general interest in and importance of the questions involved in the case. We shall determine the cause as on original appeal. Section 10, Article V, Constitution of Missouri 1945, V.A.M.S. By reason of the order transferring the cause to this Court, the opinion and decision of the St. Louis Court of Appeals was necessarily vacated and set aside and may be referred to as functus officio. See State ex rel. Jones v. Atterbury, Mo.Sup., 300 S.W.2d 806, 811 [6]; Siemers v. St. Louis Elec. Term. Ry. Co., 348 Mo. 682, 155 S.W.2d 130, 135 [6, 7].

The action originated in the Magistrate Court of Ralls County, Missouri, on July 20, 1961, when John E. Mills, the Prosecuting Attorney of Ralls County, filed an information in said Court charging defendant James Norman with two misdemeanors, as follows: Count 1, that " * * * upon the 14th day of July, 1961, at the Township of Salt River in said County of Ralls, and the State of Missouri, the defendant did then and there wilfully, unlawfully drive and operate a certain Plymouth motor vehicle in a careless and imprudent manner so as to obstruct and hinder traffic on State Highway # 154. Count 2 and did then and there wilfully and unlawfully, knowingly obstruct, resist or oppose a police officer in the service or in the attempt to serve a summons, or in the discharge of said officer's duty in a case other than a felony, all contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Missouri."

Thereafter, defendant filed an application for change of venue from the magistrate court on account of the alleged prejudice of the magistrate judge. The venue of the cause was changed to the Circuit Court of Ralls County and in that Court the defendant entered a plea of "not guilty" to both charges.

Thereafter, the cause came on for trial in the Circuit Court of Ralls County on October 20, 1961, and the transcript of the record shows the following:

"After the jury was selected and sworn to try the cause, and before any evidence was adduced, defendant withdrew his former plea of not guilty and entered a plea of nolo contendere, and the following sentence and judgment was entered of record by the Court: 'Comes State by Prosecuting Attorney and comes defendant in person and with counsel. Parties announce ready for trial. Jury is empaneled and sworn to try cause. Before any evidence is adduced defendant withdraws his former plea of not guilty and enters a plea of nolo contendere. Upon such plea being entered by defendant, the defendant is sentenced to pay a fine of $50.00 on Count I and a fine of $50.00 on Count II. The State shall recover from defendant all costs herein, and it is ordered that execution issue.'"

Thereafter, the circuit clerk issued an amended bill for costs, which amended bill for costs included $132 as jury fees ("22

at $6.00 each") and $41.30 as mileage for jurors ("590 miles at 7¢ per mile"). Defendant, thereupon, filed his motion to re-tax the costs and prayed the Court "to vacate and set aside the entries of the Clerk of the Court taxing the costs of the Jury and the mileage of the Jury, as shown on his amended statement of costs." Numerous grounds were stated in support of the motion, but we need not review them here. The motion was overruled and defendant appealed, as stated.

■ In this Court both parties have abandoned the briefs filed in the St. Louis Court of Appeals and have filed new briefs in this Court, as they were entitled to do. Morgan v. Kroger Grocery & Baking Co., 348 Mo. 542, 154 S.W.2d 44, 45 [1]; In re Thomasson's Estate, Mo.Sup., 192 S.W. 2d 867, 870 [4–6]; Morris v. Kansas City Light & Power Co., 302 Mo. 475, 258 S.W. 431 [2].

■ However, appellant's brief wholly fails to comply with Supreme Court Rule 83.05(e), V.A.M.R. in that only abstract statements of law, fact and conclusions are set out under "points relied on and authorities." There is no compliance with that part of the rule which requires that, "The points relied on shall briefly and concisely state what actions or rulings of the Court are claimed to be erroneous and briefly and concisely state why it is contended the Court was wrong in any action or ruling sought to be reviewed. Setting out only abstract statements of law without showing how they are related to any action or ruling of the Court is not a compliance with this rule." In view of the history of this case and the circumstances shown by the record, we shall not dismiss the appeal for this violation of Rule 83.05 (e). The record presented here shows upon its face that the alleged judgment upon which the amended bill for costs was issued is absolutely void and we can determine from appellant's argument the relief sought and the grounds therefor.

Respondent (State of Missouri) joins in the view that the "judgment of conviction" is void on its face because it was entered upon a plea of nolo contendere. Respondent further points out that "defendant did not plead guilty to either charge" and was not found guilty of either charge, hence the Court was without jurisdiction to tax the costs against the defendant. Respondent further states that the Court erred in taxing as part of the costs the per diem compensation of the jury in the sum of $132 and $41.30 as mileage of the jurors.

■ The record, supra, shows that the sentences imposed were based solely upon a plea of nolo contendere, which is not a plea recognized by the Courts of this State. Supreme Court Rules adopted for the control of criminal practice and procedure in this State make no provision for the acceptance of such a plea. For the definition of the term "nolo contendere" see Black's Law Dictionary, Third Edition, page 1246; Neibling v. Terry, 352 Mo. 396, 177 S.W.2d 502, 503, 152 A.L.R. 249.

Supreme Court Rule 25.04 expressly provides that a defendant may plead "not guilty" or "guilty" and, if a defendant refuses to plead, or pleads equivocally (as appears in this case), or if the Court refuses to accept a plea of guilty, the Court *shall* enter a plea of "not guilty." And see Supreme Court Rule 25.05 providing that "Pleadings in criminal proceedings shall be the indictment and the information, and the pleas of not guilty or guilty. All other pleas, and demurrers and motions to quash are abolished * * *." These rules were adopted by this Court under the authority granted to it by Sec. 5, Art. V of the Constitution of Missouri 1945, V.A.M.S. The case of Neibling v. Terry, supra, 352 Mo. 396, 177 S.W.2d 502, was decided February 7, 1944, prior to the adoption of the rules in question, and it dealt with the validity of a judgment in a Federal Court, where the plea of nolo

contendere is recognized. And see Secs. 546.020 and 546.360 RSMo 1959.

■■ It further appears from the record before us that no evidence was heard by the trial court concerning the offenses charged against the defendant and there was no finding that defendant was "guilty" of either of the offenses charged against him. See City of St. Louis v. Moore, Mo.App., 288 S.W.2d 383, 385 [6]; City of St. Louis v. Meixner, Mo.App., 285 S.W.2d 50, 52 [5–8]. The fines were assessed solely upon the plea of nolo contendere, which plea the Court was not authorized to accept. See State v. Williams, Mo. Sup., 361 S.W.2d 772, 773; Supreme Court Rules 25.04 and 25.05. While, as stated, the appeal does not purport to be from the alleged judgment and sentences entered against defendant on the two criminal charges, nevertheless the record presented here shows that the sole basis upon which the amended bill for costs was issued was the void judgment. Under the facts shown by the record, the "Amended Bill of Costs" was a nullity in that it was based upon a void judgment.

We have noted that the opinion of the St. Louis Court of Appeals (State v. Norman, supra, 371 S.W.2d 41, 42) points out that no appeal was taken from the judgment of conviction and that the present appeal is from a special order after final judgment, to wit, the order overruling defendant's motion to re-tax the costs. However, in the transcript before us we find *no judgment of conviction* and *no finding by the Court that the defendant was guilty of either offense.* Instead, the fines assessed against defendant in the sum of $50 on each count and the order that the State recover from defendant its costs rest solely upon the plea of nolo contendere, as stated.

Further, the only basis for the issuance of the amended bill for costs is the alleged judgment and the validity of the amended bill for costs must first be determined before we reach a consideration of taxation of costs. Clearly we cannot consider defendant's motion to re-tax particular items of costs or the Court's action thereon, absent a valid judgment of conviction for the offenses charged.

In the printed argument of his brief appellant states that he "did not raise a point" with reference to the validity of the alleged judgment; and that the matter of the validity of the judgment has been "injected into this case by the State of Missouri." Only in the closing paragraph of his brief does appellant urge this Court to reverse the order and judgment of the Circuit Court of Ralls County and discharge the appellant from the obligation to pay the per diem and mileage (of the mentioned jurors) as costs in said case.

Respondent not only insists that the Court erred in taxing as a part of the costs the per diem, compensation and mileage of jurors, but further contends that the assessment of the fines is void. Respondent has prepared an elaborate and learned brief on the issue of taxable costs in a criminal case but we do not reach that question in view of the fact that the record presented for review clearly shows that the underlying alleged judgment is void, hence we do not reach the issue of the taxation of specific items of cost mentioned.

One of the parties has also filed with this Court an opinion issued by the Attorney General of this State dated January 4, 1963 (Opinion No. 137, No. 5 [sic]) with reference to the taxation of jury fees as costs in criminal cases. Perhaps the issue not reached in this opinion will not reappear in the event that appellant is again tried and convicted on the charges as stated in the information.

For the reason stated, the order of the trial court, as entered, overruling appellant's motion to re-tax costs, is reversed. The prosecution may proceed on its merits in the Circuit Court of Ralls County after defendant-appellant has had an opportunity to enter a proper plea to the charges filed against him.

All concur.