Mr. J. Neil Nielsen, Commissioner Office of Administration Room 125, State Capitol Building Jefferson City, Missouri 65101
Dear Mr. Nielsen:
This letter is in response to your request for an opinion concerning the proper taxation of jury fees in criminal cases. This question was addressed by an Attorney General's opinion which issued under Thomas Eagleton's signature in 1963 (Opinion No. 5, 1963). In that opinion, this office ruled that a county
 ". . . is not authorized to tax as part of the costs in a criminal case the compensation payable under Sections 494.100, 494.110 and 494.120 to the jurors who serve or who are summoned in connection with such case. However, the fees of all others jurors, not members of the regular panel, who are summoned for a particular case, but do not serve therein, and whose compensation is not provided for otherwise than by Section 494.170, are to be taxed as costs."
In other words, the only circumstances under which jury fees may be taxed as costs are those which are set out in Section 494.170, RSMo. That statutory section reads as follows:
 "1. Except as otherwise provided by law jurors shall be allowed fees for their services as follows:
 For each juror attending a view or execution of a writ of ad quod damnum, per day .................. $1.00 For each juror attending a coroner's inquest, per day ................. 3.00 For each person summoned, attending and reporting to any court of record, per day .......................... 3.00 For each mile traveled in going to and returning from the place of the trial in attending any trial before a court of record, per mile ............................ .07
 "2. All fees allowed jurors as above shall be taxed as costs in the cases, respectively, in which they were summoned; but jurors serving in more than one case on the same day, at the same place, shall be allowed fees only in one case; and any juror, who claims fees for attending in two or more cases on the same day, at the same place, shall not be allowed fees for that day."
A copy of the 1963 opinion is enclosed. We note no subsequent statutory amendments or decisions which would render that opinion invalid.[1]
Yours very truly,
 JOHN C. DANFORTH Attorney General
Enclosure: Op. No. 5 1-4-63, Anderson
[1] A contrary court of appeals decision was reversed by the Supreme Court, albeit on other grounds. State v. Norman, 371 S.W.2d 41
(St.L. Ct.App. 1963), rev'd on other grounds, 380 S.W.2d 406 (Mo. Banc 1964).