Hazel GARRETT, Appellant,

v.

**STATE DEPARTMENT OF PUBLIC HEALTH AND WELFARE,**
Respondent.

**No. KCD 28723.**

Missouri Court of Appeals,
Kansas City District.

June 27, 1977.

Motion for Rehearing and/or Transfer
Denied Aug. 29, 1977.

Application to Transfer Denied
Oct. 11, 1977.

James L. Muller, Dwayne W. McConnell, Effie F. Day, The Legal Aid and Defender, Society of Greater Kansas City, Inc., Kansas City, for appellant.

Robert R. Northcutt, Chief Counsel, Paul T. Keller, Senior Counsel, Missouri Division of Family Services, Jefferson City, for respondent.

Before SHANGLER, P. J., and WELBORN and HIGGINS, Special Judges.

ROBERT R. WELBORN, Special Judge.

Appeal from judgment of Circuit Court affirming decision of Director of State Department of Public Health and Welfare, denying relief to claimant whose grant of aid to the permanently and totally disabled had been reduced.

In May, 1971, Hazel J. Garrett, then 64 years of age, was receiving a grant of aid of $80 per month under the program for assistance to the permanently and totally disabled. This grant was premised upon a public assistance budget showing a total expense of $237, budgetable income of $138.50, leaving a deficit of $98.50, resulting in her receipt of the maximum $80 per month grant under the program. § 208.-150(2), RSMo 1969.

In May, 1971, the Division of Welfare promulgated Rule 59, fixing a monthly standard budget for medical expenses of $12 per month for permanent and total disability claimants. The standard allowance also applied to recipients of old age assistance, general assistance and aid to the blind. Budgets for aid to dependent children recipients were to be based upon actual costs of medical care.

Following promulgation of the rule, the Division, in July, 1971, prepared an adjusted budget for Ms. Garrett in which the standard medical expense of $12 was used, with the result that she was shown to have had a deficit of $51.20, resulting in a grant to her of $51 per month.

Upon being notified of the reduction, Ms. Garrett filed an application for a hearing before the Director of the Department, attacking the procedure by which Rule 59 had been adopted and also contending that the rule was contrary to state and federal law.

A hearing was held before a referee in September, 1971. The claimant presented the budget documents prepared before and after the application of Rule 59. It was agreed that Ms. Garrett had shown, to the satisfaction of the Division of Welfare, "an unmet medical need of $59" and that there had been no change in her circumstances at the time of the hearing. The claimant also produced a letter from the Director of the Division of Welfare, explaining the reasoning behind the adoption of the Rule.

No other evidence was presented at the hearing.

The Director concluded that the budget prepared for the claimant had allowed all items that were proper and that under the current rules and procedures of the Division of Welfare she was receiving the most that

could be allowed her. He further found: "The use of standard items of expense is authorized by Section 208.010 RSMo. See *Thornsberry v. State Department of Public Health and Welfare* (1956), 365 Mo. 1217, 295 S.W.2d 372."

The claimant filed her appeal in the Clay County Circuit Court. The appeal was not called up for hearing in that court until late in 1975 when the cause was submitted on memoranda. The Circuit Court affirmed the Director's decision. This appeal followed.

In this court, appellant asserts as one point, the unconstitutionality of Rule 59 on the grounds that it violates the Equal Protection clause of the 14th Amendment to the Constitution of the United States. In her request for hearing, basically the only pleading in the case, the claimant did assert constitutional questions arising out of the procedure whereby the rule had been adopted. That claim has not been preserved on appeal. Inasmuch as the claim now asserted was not advanced in the request for hearing, in which she did raise constitutional questions, the question now attempted to be presented has not been preserved because it was not raised at the earliest possible time. Therefore, this court has jurisdiction of the appeal.

■ Appellant's primary contention is that Section 208.010, RSMo 1969, in effect at the time of the adoption of Rule 59, required that a welfare recipient be provided with medical assistance in accordance with his particular, individual need for medical care, and that in her situation, the $12 monthly expense standard is arbitrary and unreasonable and beyond the authority of the Division of Welfare to adopt.

Pertinent provisions of Section 208.010, RSMo 1969, as it read at the time here involved were:

"1. In determining the eligibility of a claimant for public assistance under this law, it shall be the duty of the division of welfare to consider and take into account all facts and circumstances surrounding the claimant, including his living conditions, earning capacity, income and resources, from whatever source received, and if from all the facts and circumstances the claimant is not found to be in need, assistance shall be denied. In determining the need of a claimant, the costs of providing medical treatment which may be furnished under sections 208.151 to 208.158 shall be disregarded. The amount of benefits, when added to all other income, resources, support, and maintenance, shall provide such persons with reasonable subsistence compatible with decency and health in accordance with the standards developed by the division of welfare * * *. In determining the need of a claimant in federally aided programs there shall be disregarded five dollars per month of any income * *."

In *Thornsberry*, the court held that the language " 'in accordance with standards developed by the Division of Welfare' * * unquestionably provides the authority to develop and use reasonable standards for some usual essential expense items such as food and clothing." 295 S.W.2d at 374.

Appellant argues that the court approved the use of standards for only "usual" expenses and that the court did not approve the use of standards for unusual expense items "such as the special need for necessary medical care which varies materially from individual to individual * * *."

In *Thornsberry*, the court did conclude that some standards adopted by the Division were unreasonable. It adopted the conclusion of the Court of Appeals in the same case that " * * it is a matter of common knowledge that $.50 per month is insufficient to supply even the barest needs of a high school student." *Thornsberry v. State Dept. of Public Health & Welfare*, 285 S.W.2d 77, 86, Mo.App. ($0.50 per month was the standard for the expenses of children attending school.) The Supreme Court rejected the standard shelter allowance because it did not include any allowance for repairs and maintenance.

The basis for the rejection of the standards in that case was the unreasonableness of the standards in question.

In this case, the claimant, at the hearing before the referee, placed in evidence a letter from the Director of the Division of Welfare, dated May 27, 1971, explaining to the Associate Regional Commissioner of the Department of Health, Education and Welfare, the reasoning behind the adoption of Rule 59. As explained in the letter, information pertaining to medical expenses had been found "almost impossible for the claimant to validly and accurately supply." A study was made of 2790 sample cases for April, 1971, which showed that 11% of the sample had budgeted medical expenses, with a median amount of costs of $11.00. "Any practical application of a budget standard results in increasing need figures in some cases while decreasing need in others. Our choice of a twelve dollar standard would reduce the total need determination in slightly less than one-half the cases with formerly budgeted medical costs and preserve or increase the level of need applied to the remaining cases."

On this evidence, this court cannot conclude that the standard fixed by the Division was neither for a usual expense nor unreasonable within the *Thornsberry* ruling.

Appellant's argument is basically that the Director had no right to adopt a standard for medical expenses because the statute requires him to consider the individual circumstances of each applicant. The provisions of Section 208.010 are the same as those existing at the time of *Thornsberry*, and the court there concluded that the amendment authorizing the use of standards was adequate authority for the director to do so.

■ The Court of Appeals in *Thornsberry* spoke of a requirement of "flexibility" in standards. 285 S.W.2d at 86[7]. The case was subsequently transferred to the Supreme Court for determination "as on original appeal" (Const. of Mo. 1945, Art. V. § 10), so that the opinion of the Court of Appeals, except insofar as recognized by the Supreme Court in its determination of the case, as above noted, is of no precedential effect. *State v. Norman*, 380 S.W.2d 406 407[1, 2] (Mo.Sup. 1964).

The fact that the applicant here had medical expense in excess of the $12 allowance does not, standing alone, demonstrate the unreasonableness of the standard or deprive the Director of authority to adopt such a standard. Of necessity a standard cannot cover actual requirement in every case. If the standard is to be ignored when actual expenditures are shown to exceed the standard, the standard becomes meaningless and the authority which has been granted would be a nullity. Furthermore the adequacy of the standard amount must be viewed in the light of benefits under the medicaid program extended to recipients of aid to the permanently and totally disabled. §§ 208.151–208.158, RSMo 1969.

Appellant states that the case of *Clark v. New Hampshire Dept. of Health & Welfare*, 114 N.H. 99, 315 A.2d 187 (1974), is "directly in point on the facts here." In that case, the court held that administrative adoption of a "flat grant" program for aid to dependent children recipients was contrary to a statutory scheme which the court found to require a "case-by-case determination of the level of assistance necessary to provide reasonable subsistence compatible with decency and health." 315 A.2d at 190. However, that case did not consider the meaning and effect of statutory language authorizing standards, as found in the Missouri law. In that regard, this court is bound to follow the *Thornsberry* case.

Appellant also cites and relies upon *Rosado v. Wyman*, 397 U.S. 397, 90 S.Ct.1207, 25 L.Ed.2d 442 (1970), and *Shea v. Vialpando*, 416 U.S. 251, 94 S.Ct. 1746, 40 L.Ed.2d 120 (1974). Those cases involved construction and application of federal statutes restricting state controls of programs for aid to dependent children. No suggestion has been made in this case that a federal statute is involved which would affect the validity of the regulation under attack.

Appellant has not shown that the decision appealed from was arbitrary or unreasonable (§ 208.100 5, RSMo 1969) or that it was unauthorized by law (§ 536.140 2, RSMo

1969). Therefore, the judgment of the circuit court is affirmed.

Judgment affirmed.

All concur.